UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| QUINTA SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:18-CV-269-ACL |
| ) | |
| MISSISSIPPI COUNTY, MISSOURI, CITY ) | |
| OF CHARLESTON, MISSOURI, CORY ) | |
| HUTCHESON, SALLY YANEZ, RYAN ) | |
| HILL, JOE ROSS, JOSH MALDONADO, ) | |
| DECOTA MCGLOTHLIN, FAITH ) | |
| ALTAMIRANO, ROBERT HEARNES, ) | |
| CURTIS ARNOLD, ZACHARY MATNEY, ) | |
| AND AUSTIN HENSON, ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED ORDER**

Following the death of her son in Mississippi County, Missouri on May 5, 2017, Plaintiff Quinta Sanders (the natural mother of decedent, Tory Sanders) filed this action on behalf of all members of the class one beneficiaries for wrongful death, including the decedent's wife and his nine minor children, pursuant to Mo. Rev. Stat. § 537.080(1). This matter is before the Court sua sponte following two phone conferences with the parties. The first phone conference was held on February 22, 2021 and the second one was held on March 4, 2021. The purpose of the phone conferences was to discuss matters related to a settlement that has been reached between the class one beneficiaries and the City of Charleston defendants. The parties indicated the matter should be ready for hearing within approximately 30 days and they would like to set the matter for a settlement hearing as soon as practicable.

1

Prior to the February 22 conference, at the request of the undersigned, the parties submitted a letter outlining the resolution of the matter between Plaintiff and the City of Charleston Defendants. The letter (Doc. 72-1), dated February 18, 2021, was filed under seal indefinitely as the Court ordered it to be closed under Mo. Rev. Stat. § 610.021(1). The Court found that disclosure would have an adverse impact on Plaintiff, the decedent's wife, and the decedent's minor children which clearly outweighs the public policy considerations of Mo. Rev. Stat. § 610.011, except that "the amount of any monies paid by, or on behalf of, the public governmental body shall be disclosed" upon final disposition of the matter.

Rule 17(c) of the Federal Rules of Civil Procedure governs litigation by minors without appointed representatives. It provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

The decedent's nine children are minors and they cannot appear in this Court or prosecute this case on their own behalf. Plaintiff's counsel report that Plaintiff is willing to serve as next friend for seven of the minor children and the decedent's wife is willing to serve as next friend for her two minor children. Plaintiff is the legal guardian of one of her grandchildren, T.M.D.S. The wife of the decedent and mother of two of the minors, T.D.S. and D.C.B., is Summer Barrett. The mother of four of the minors, J.A.M.C., T.D.S., J.T.E.C., and L.C., is Jocelyn Cox. The mother of two additional minors, J.S. and Z.S., is Dreama Smith. To protect the unrepresented minor children's interests in this litigation, the Court must appoint next friends.

2

To determine who should be appointed as next friend, the Court considers two "firmly rooted" prerequisites identified by the Supreme Court in *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).   First, the next friend must provide an explanation as to why the real party in interest cannot appear on their own behalf.   This prerequisite has been met in this matter due to the minority status of the decedent's children.   Second, the next friend must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate.   Many courts have held that the next friend must have some significant relationship with the real party in interest.   *See Id.*; *Carson P. v. Heineman*, 240 F.R.D. 450, 516 (D.Neb. 2007) (surveying federal law).   *See also Ad Hoc Comm. Of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 29 (2d Cir. 1989) (Rule 17(c) "gives a federal court power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative…has interests which conflict with those of the infant or incompetent.").

Undoubtedly, Plaintiff has a significant relationship with the minor children.   She is their grandmother and the person who was appointed as the Administratrix of the decedent's estate.   At the same time, Plaintiff seeks personal gain from this litigation which potentially pits her interests against those of her grandchildren for whom she is not the legal guardian. Furthermore, Plaintiff's counsel has indicated that the mothers of decedent's children are willing and able to act as next friends for their minor children.

After having carefully considered the issue, the Court finds that Quinta Sanders is the appropriate person to act as next friend for T.M.D.S.; Summer Barrett is the appropriate person to act as next friend for T.D.S. and D.C.B.; Jocelyn Cox is the appropriate person to act as next friend for J.A.M.C., T.D.S., J.T.E.C., and L.C.; and Dreama Smith is the appropriate person to

act as next friend for J.S. and Z.S., as they have a significant relationship with their minor children and are dedicated to the best interests of their children.

The settlement hearing is set for April 14, 2021, at 1:00 p.m., in Courtroom 4A before the undersigned. Plaintiff's counsel requested that the hearing be conducted by videoconference for the convenience of Plaintiff and the Next Friends. The Court appreciates the challenges posed by an in-person hearing (*i.e*., childcare and travel), however, finds there are extenuating circumstances present that warrant an in-person proceeding. First, the risk of technical difficulties impeding the proceeding outweigh the challenges posed by requiring the parties to appear in person. The hearing is more than five weeks away which allows time for childcare arrangements to be made. In addition, the hearing is set in the early afternoon to provide the option for a single day of travel. Finally, the settlement is complex in nature and the Court's ability to effectively assess the witness testimony will be enhanced by an in-person hearing. An in-person proceeding is necessary in the interests of justice.

The requirements for the settlement of a minor's claims are contained in Mo. Rev. Stat. § 507.184. The purpose of the statute is "to maximize the protection afforded a minor's legal action and [ensure] that any settlement is in the best interest of the child." *Fiegener v. Freeman-Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. Ct. App. 1999). To assist the Court in making this determination, the parties will be required to present evidence related to the losses experienced by each class one beneficiary.

The losses to be considered in a wrongful death case are broken into two categories, specifically, pecuniary or economic losses, and non-economic losses. "A factor to be considered in evaluating damages under the Wrongful Death Act is potential financial aid by the decedent, which can be shown through evidence of the decedent's health, character, talents,

4

earning capacity, life expectancy, age and habits." *Barnett v. LaSociete Anonyme Turbomeca,* 963 S.W.2d 639, 657 (Mo. App. W.D. 1997) (rev'd on other grounds).  "[N]on-economic losses for wrongful death require this court to properly consider the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training and support[ ]" that the Plaintiffs have lost as a consequence of Decedent's death.  *See id.* at 658. These factors are all indicative of the strength of the parent-child relationship which itself is appropriate for determining apportionment."  *Wood v. Smith*, 359 S.W.3d 526, 528 (Mo.App. E.D. 2012), citing *Coggins v. Laclede Gas Co*., 37 S.W.3d 335, 343 (Mo.App. E.D. 2000).

Section 537.090 "is clear that in determining damages, the fact finder considers losses with references to the particular persons on whose behalf the suit was brought and the relationship of the deceased with those particular persons."  *Call v. Heard,* 925 S.W.2d 840, 851 (Mo. banc 1996).  "In other words, an element of the total damages is based upon the relationship between the deceased and each individual party to the action." *Id.*  That being said, the law is also clear that "damages for grief and bereavement by reason of the death [are] not [ ] recoverable."  Mo. Rev. Stat. § 537.090.

Missouri Courts have consistently held that "[t]he physical, emotional, and psychological relationship between a parent and child must be considered when computing the loss of consortium for the loss of a parent for a child or the loss of a child for a parent." *Evans v. FirstFleet, Inc*., 345 S.W.3d 297, 304 (Mo. App. S.D. 2011), citing *Henderson v. Fields,* 68 S.W.3d 455, 486 (Mo. App. W.D. 2001); *Coggins*, 37 S.W.3d at  343.  *See also Estate of Snyder v. Julian*, 789 F.3d 883, 888 (8th Cir. 2015).

Prior to the hearing, and not later than April 5, 2021, Plaintiff must submit a Motion for Approval of the Settlement and Distribution of the Settlement Proceeds along with a

proposed order, the settlement agreement and any other documents relevant to the settlement, including the following: documentation of any medical liens and funeral expenses, Plaintiff's attorneys' contingent fee contract, Plaintiff's attorneys' incurred expenses, and information related to the distribution of any funds to the minor children.  If the parties wish to file any documents under seal, they must file a motion for leave to file a sealed document.  The Court advises the parties to review Local Rule 13.05 and the Sealed and Ex Parte Documents section of the Court's CM/ECF Procedures Manual at http://www.moed.uscourts.gov/cmecf-procedures-manual.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's oral request for an evidentiary hearing related to the minor settlement and distribution of the settlement proceeds is **GRANTED**. The hearing is scheduled for **April 14, 2021 at 1:00 p.m.**  <u>**Counsel for all parties, Plaintiff, and the Next Friends appointed below, must appear in person for the hearing in Courtroom 4A of the Rush Hudson Limbaugh, Sr., United States Courthouse**</u>.  During the hearing, Counsel must present testimony related to the economic and non-economic losses suffered by each of the decedent's class one beneficiaries.  Plaintiff must also must demonstrate: (1) a diligent attempt to notify all spouses, children, and parents of the decedent, and if none of those relatives survived, then the siblings of the decedent; (2) the amount of the settlement is "fair and just"; and, (3) the attorney fees are paid in accordance with the Missouri Rules of Professional Conduct.  Mo.Rev.Stats. §§ 537.080.1, 537.095.3, 537.095.4; *Eng. V. Cummings, McClorey, Davis & Acho, PLC,* 611 F.3d 428, 435 (8th Cir. 2010); *Hinrichs v. Roberts Trading Co., L.P.,* No. 4:15-CV-00820-DGK, 2016 WL 4083488 (W.D. Mo. Aug. 1, 2016).

**IT IS FURTHER ORDERED** that Doc. 72-1 is filed under seal indefinitely for the reasons set forth herein.

**IT IS FURTHER ORDERED** that to protect the interests of T.M.D.S., who is unrepresented in this action, Quinta Sanders (legal guardian of the minor child) is appointed as Next Friend for T.M.D.S.

**IT IS FURTHER ORDERED** that to protect the interests of T.D.S. and D.C.B., who are unrepresented in this action, Summer Barrett (natural mother of the minor children) is appointed as Next Friend for T.D.S. and D.C.B.

**IT IS FURTHER ORDERED** that to protect the interests of J.A.M.C., T.D.Q.S., J.T.E.C., and L.C., who are unrepresented in this action, Jocelyn Cox (natural mother of the minor children) is appointed as Next Friend for J.A.M.C., T.D.Q.S., J.T.E.C., and L.C.

**IT IS FURTHER ORDERED** that to protect the interests of J.S. and Z.S., who are unrepresented in this action, Dreama Smith (natural mother of the minor children) is appointed as Next Friend for J.S. and Z.S.

**IT IS FURTHER ORDERED** that, **no later than April 5, 2021**, Plaintiff must file a Motion for Approval of the Settlement and Distribution of the Settlement Proceeds along with a proposed order, the settlement agreement and any other documents relevant to the settlement, including the following: documentation of any medical liens and funeral expenses, Plaintiff's attorneys' contingent fee contract, Plaintiff's attorneys' incurred expenses, information related to the distribution of any funds to the minor children, and any other necessary documents.

**IT IS FURTHER ORDERED** that **no later than fourteen days following approval** of the Motion related to the Settlement and Distribution of the Settlement Proceeds, counsel

must file an Application for Approval of the Minors' Settlement along with a proposed order and all other necessary information.

Dated this <u>11th </u>day of<u> March</u>, 2021.

<i>s/Abbie Crites-Leoni</i><br>
ABBIE CRITES-LEONI<br>
UNITED STATES MAGISTRATE JUDGE