UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| QUINTA SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:18-CV-269-ACL |
| ) | |
| MISSISSIPPI COUNTY, MISSOURI, CITY ) | |
| OF CHARLESTON, MISSOURI, CORY ) | |
| HUTCHESON, SALLY YANEZ, RYAN ) | |
| HILL, JOE ROSS, JOSH MALDONADO, ) | |
| DECOTA MCGLOTHLIN, FAITH ) | |
| ALTAMIRANO, ROBERT HEARNES, ) | |
| CURTIS ARNOLD, ZACHARY MATNEY, ) | |
| AND AUSTIN HENSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Intervene (Doc. 77) and Motion to Unseal and Opposition to Parties' Motion for the Court to Declare that Documents are Closed Records Under Mo. Rev. Stat. § 610.021(1) and for Leave to File Documents Under Seal (Doc. 79) filed by Proposed Intervenor St. Louis Post-Dispatch, LLC ("Post-Dispatch"). For the reasons set forth below, the Court will grant the Motion to Intervene. Additionally, a briefing schedule will be set to allow the parties to fully brief the Intervenor's Motion to Unseal.

**I.      Background**

Following the death of her son in the Mississippi County, Missouri Detention Center on May 5, 2017, Plaintiff Quinta Sanders (the natural mother of decedent, Tory Sanders) filed the instant wrongful death action. Sanders filed the action on behalf of all members of the

1

class one beneficiaries for wrongful death, pursuant to Mo. Rev. Stat. § 537.080(1), including the decedent's wife and his nine minor children.

In a telephone conference held February 22, 2021, the parties advised the Court that a settlement has been reached between the class one beneficiaries and Defendants City of Charleston, Missouri; Robert Hearnes; Curtis Arnold; Zachary Matney; and Austin Henson ("City of Charleston Defendants"), and requested that the matter be set for a settlement approval hearing. Prior to the conference, at the request of the undersigned, the parties submitted a letter outlining the resolution of the matter between Plaintiff and the City of Charleston Defendants. (Doc. 72-1.) During the telephone conference, the parties orally requested leave to file this letter, dated February 18, 2021, under seal. The undersigned granted the parties' oral motion.

On March 5, 2021, the Court issued an Amended Order setting a settlement hearing for April 14, 2021. (Doc. 73.) The Court stated that the letter outlining the settlement agreement was "filed under seal indefinitely as the Court ordered it to be closed under Mo. Rev. Stat. § 610.021(1)." *Id.* at p. 2. The undersigned found that disclosure would have an adverse impact on Plaintiff, the decedent's wife, and the decedent's minor children which clearly outweighs the public policy considerations of Mo. Rev. Stat. § 610.011, except that "the amount of any monies paid by, or on behalf of, the public governmental body shall be disclosed" upon final disposition of the matter. *Id.*

On April 1, 2021, Plaintiff and the City of Charleston Defendants filed a Joint Motion for the Court to Declare that Documents are Closed Records Under Mo. Rev. Stat. § 610.021(a)(2016) and for Leave to File Documents Under Seal. (Doc. 75.) The Joint Motion states that the City of Charleston Defendants and Plaintiff are required to file various pleadings and

documents with the Court that contain confidential financial information regarding the distribution of the settlement proceeds and information about the heirs and beneficiaries of the decedent, including information regarding the decedent's minor children.  Plaintiff and the City of Charleston Defendants seek a written order declaring these pleadings and documents are closed records.   This Motion is currently pending before the Court.

On April 5, 2021, Plaintiff and the City of Charleston Defendants filed a Joint Application for Approval of the Settlement.   (Doc. 76.)   This Motion and its attached exhibits were provisionally sealed pending the undersigned's ruling on the Joint Motion to File Under Seal.

Plaintiff's claims against Defendants Mississippi County, Missouri; Cory Hutcheson; Sally Yanez; Ryan Hill; Joe Ross; Josh Maldonado; Decota McGlothlin; and Faith Altamirano remain pending.   A jury trial is set for February 28, 2022, regarding Plaintiff's claims against these Defendants.

## II.     Discussion

The Post-Dispatch seeks permissive intervention in this action pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of moving to unseal and to "oppose sealing of judicial records of critical public concern."   (Doc. 78 at p. 1.)

The Court concludes that permissive intervention under Rule 24(b) is the correct procedural vehicle for the Post-Dispatch to seek access to judicial records in this case and that the Post-Dispatch is entitled to permissive intervention.  *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (citations omitted).

Normally, parties seeking permissive intervention under Rule 24(b) must show: "(1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the

applicant's claim or defense and the main action have a question of law or fact in common." *Id.* at 966 (citation omitted).  The Eighth Circuit, however, has found that "an independent basis of jurisdiction is not required" when a party is seeking to intervene only to unseal documents.  *Id.* at 967.  Furthermore, the timeliness requirement is met where a non-party seeking to unseal documents does so even a year after a case has been closed.  *Id.* at 966 n. 2.  The Eighth Circuit has also found that the commonality requirement is met when a non-party seeks intervention for the limited purpose of unsealing documents.  *Id.* at 967.  The Court explained that "it is the public's interest in the confidentiality of the judicial records" that is a question of law in common between the original parties and the proposed intervenor.  *Id.*

Here, the Post-Dispatch's Motion to Intervene is timely and the Post-Dispatch seeks intervention specifically to unseal documents.   The Court concludes that the Post-Dispatch therefore satisfies the requirements for permissive intervention under Rule 24(b).

The Memorandum in Support of the Motion to Intervene further commented that "[t]he Court should ensure the public has access to the hearing on this matter occurring on April 14, 2021."  (Doc. 80 at p. 10.)  During a phone conference held today with counsel of record, including counsel for the Post-Dispatch, no party requested that the hearing be closed rather Plaintiff's counsel asked that all parties refer to the minor plaintiffs by their initials instead of their full names during the hearing.  All parties agreed except that counsel for Mississippi County and its officers expressed a concern that an open proceeding risks the potential for pretrial publicity that may cause difficulties in seating a jury for the defendants who are proceeding to trial.  At the same time, counsel noted that his clients did not have standing to object to the proceeding being open to the public.

4

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Intervene of St. Louis Post-Dispatch, LLC **for the limited purpose of moving to unseal Doc. 72-1 and to oppose the pending Motion for Leave to File Documents Under Seal** (Doc. 77) is **granted**.

**IT IS FURTHER ORDERED** that the parties may file Responses to the Intervenor's Motion to Unseal Documents (Doc. 79) **no later than April 27, 2021**.   Any Reply must be filed **no later than May 4, 2021**.

**IT IS FURTHER ORDERED** that the hearing regarding the Application to Approve Settlement Agreement scheduled for April 14, 2021 at 1:00 p.m., will be open to the public.

Dated this 13th day of April, 2021.

                                         s/*Abbie Crites-Leoni*
                                         ABBIE CRITES-LEONI
                                         UNITED STATES MAGISTRATE JUDGE