**EXHIBIT**

**1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUINTA SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:18-CV-00269 |
| | ) | |
| MISSISSIPPI COUNTY, MISSOURI, CITY | ) | |
| OF CHARLESTON, MISSOURI, CORY | ) | |
| HUTCHESON, SALLY YANEZ, RYAN | ) | |
| HILL, JOE ROSS, JOSH MALDONADO, | ) | |
| DECOTA MCGLOTHLIN, FAITH | ) | |
| ALTAMIRANO, ROBERT HEARNES, | ) | |
| CURTIS ARNOLD, ZACHARY MATNEY, | ) | |
| AND AUSTIN HENSON, | ) | |
| | ) | |
| Defendants. | ) | |

## *DEFENDANT CORY HUTCHESON'S SECOND AMENDED ANSWER TO PLAINTIFF'S COMPLAINT*

COMES NOW Defendant, Cory Hutcheson ("Defendant") and for his Second Amended Answer to Plaintiff's Complaint (Doc. No. 1), states as follows:

1.     Defendant admits Plaintiff purports to seek a judgment against Defendants as is stated in paragraph 1, but denies Plaintiff has stated any claims upon which relief can be granted, denies the underlying factual allegations, denies that any Plaintiff is entitled to any relief, and denies the allegations contained in paragraph 1 to the extent it is inconsistent with this answer.

2.     Defendant admits Plaintiff purports to seek a judgment against Defendants as stated in paragraph 2, but denies Plaintiff has stated any claims upon which relief may be granted, denies the underlying factual allegations, denies that any Plaintiff is entitled to any relief,

and denies the allegations contained in paragraph 2 to the extent it is inconsistent with this answer.

## JURISDICTION AND VENUE

3.      Defendants admit Plaintiff purports to seek redress for claims against Defendant as stated in paragraph 3, but denies Plaintiff has stated any claims upon which relief may be granted, denies the underlying factual allegations, denies that any Plaintiff is entitled to any relief, and denies the allegations contained in paragraph 3 to the extent it is inconsistent with this answer.

4.      Paragraph 4 is a statement of law reserved for this Court's Judgment. To the extent it alleges any facts against Defendant, they are denied.

5.      Paragraph 5 is a statement of law reserved for this Court's Judgment. To the extent it alleges any facts against Defendant, they are denied.

## PARTIES

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and denies same.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and denies same.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and denies same.

9.      Upon information and belief, Defendant admits the allegations contained in paragraph 9.

10.     Upon information and belief, Defendant admits the allegations contained in paragraph 10.

11.   Defendant admits he was acting under the color of state law and within the course and scope of employment at the time of the subject incident. Defendant denies the remainder of the allegations contained in paragraph 11.

12.   Upon information and belief, Defendant admits the allegations contained in paragraph 12.

13.   Defendant denies the allegations contained in paragraph 13.

14.   Defendant admits he was a citizen and resident of Mississippi County, MO, and admits he was acting under the color of state law in carrying out his official duties, but  denies the remaining allegations contained in paragraph 14.

15.   Upon information and belief, Defendant admits Sally Yanez was a citizen and resident of Mississippi County and acting in her capacity as Jail Administrator and is sued in her individual and official capacities. The remainder of the allegations contained in paragraph 15 are denied.

16.   Upon information and belief, Defendant admits the allegations contained in paragraph 16.

17.   Upon information and belief, Defendant admits the allegations contained in paragraph 17.

18.   Upon information and belief, Defendant admits the allegations contained in paragraph 18.

19.   Upon information and belief, Defendant admits the allegations contained in paragraph 19.

20.   Upon information and belief, Defendant admits the allegations contained in paragraph 20.

21.   Paragraph 21 of Plaintiff's Complaint is not a statement of fact other than how the County Defendants are being referred to in the Complaint and no answer by Defendant is necessary.

22.   Upon information and belief, Defendant admits the allegations contained in paragraph 22.

23.   Upon information and belief, Defendant admits that Defendant Robert Hearnes was acting in his capacity as Director of Public Safety for CDPS, employed by Defendant

3

Charleston, and was acting under color of law at all times material hereto.  Defendant lacks information or knowledge sufficient to form a belief as to the remainder of the allegations contained in paragraph 23, and denies same.

24.   Upon information and belief, Defendant admits Defendant Curtis Arnold was acting in his capacity as a CDPS officer, was employed by Defendant Charleston, and was acting under color of law at all times material hereto.  Defendant lacks information or knowledge sufficient to form a belief as to the remainder of the allegations contained in paragraph 24, and denies same.

25.   Upon information and belief, Defendant admits Defendant Zachary Matney was a citizen of Mississippi County , was acting in his capacity as a CDPS officer, was employed by Defendant Charleston, and was acting under color of law at all times material hereto. Defendant lacks information or knowledge sufficient to form a belief as to the remainder of the allegations contained in paragraph 25, and denies same.

26.   Upon information and belief, Defendant admits Defendant Austin Henson was a citizen of Mississippi County, was acting in his capacity as a CDPS officer, was employed by Defendant Charleston, and was acting under color of law at all times material hereto. Defendant lacks information or knowledge sufficient to form a belief as to the remainder of the allegations contained in paragraph 26, and denies same.

27.   Paragraph 27 of Plaintiff's Complaint is not a statement of fact other than how the County Defendants are being referred to in the Complaint and no answer is necessary.

28.   Defendant admits the "City Defendants" were, upon information and belief, employed by the City of Charleston, but Defendant denies the remaining allegations contained in paragraph 28.

{02388306.DOCX;1}

29.    Defendant denies the allegations contained in paragraph 29.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30, and denies same.

31.    Defendant denies the allegations contained in paragraph 31.

32.    Defendant denies the allegations contained in paragraph 32.

33.    Defendant admits Defendant died at Mississippi County Detention Center, but denies the remainder of the allegations contained in paragraph 33.

## FACTS

34.    Defendant admits that the Decedent was physically located in Mississippi County MO on May 4, 2017, and encountered CDPS officers on that date, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 34, and denies same.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 and denies same.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 , and denies same.

37.    Defendant admits the allegations contained in paragraph thirty-seven.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38, and denies same.

39.    Defendant admits the allegations contained in paragraph thirty-nine.

40.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40, and denies same.

{02388306.DOCX;1}

41.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41, and denies same.

42.     Defendant admits Mr. Sanders told Officer Matney Mr. Sanders needed help and requested to speak to a mental doctor. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in the remainder of paragraph 42, and denies same.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43, and denies same.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44, and denies same.

45.     Defendant admits Mr. Sanders had an outstanding warrant, and denies the allegations contained in the remainder of paragraph 45, as phrased.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46, and denies same.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47, and denies same.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48, and denies same.

49.     Defendant admits the allegations contained in paragraph 49.

50.     Upon information and belief, Defendant admits the allegations contained in paragraph 50.

51.     Upon information and belief, Defendant admits the allegations contained in paragraph 51.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52, and denies same.

{02388306.DOCX;1}

53.     Upon information and belief, Defendant admits the allegations contained in paragraph 53.

54.     Defendant admits the allegations contained in paragraph 54.

55.     Defendant admits the allegations contained in paragraph 55.

56.     Defendant admits the allegations contained in paragraph 56.

57.     Defendant admits the allegations contained in paragraph 57.

58.     Defendant admits the allegations contained in paragraph 58.

59.     Defendant admits the allegations contained in paragraph 59.

60.     Defendant admits the allegations contained in paragraph 60.

61.     Defendant admits the allegations contained in paragraph 61.

62.     Upon information and belief, Defendant admits the allegations contained in paragraph 62.

63.     Upon information and belief, Defendant admits the allegations contained in paragraph 63.

64.     Upon information and belief, Defendant admits the allegations contained in paragraph 64.

65.     Upon information and belief, Defendant admits the allegations contained in paragraph 65.

66.     Upon information and belief, Defendant admits the allegations contained in paragraph 66.

67.     Upon information and belief, Defendant admits the allegations contained in paragraph 67.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68, and denies same.

69.     Defendant admits the allegations contained in paragraph 69..

70.     Defendant admits the allegations contained in paragraph 70.

71.     Defendant admits the allegations contained in paragraph 71.

72.     Upon information and belief, Defendant admits the allegations contained in paragraph 72.

73.     Upon information and belief, Defendant admits the allegations contained in paragraph 73.

74.     Upon information and belief, Defendant admits the allegations contained in paragraph 74.

{02388306.DOCX;1}

75.     Upon information and belief, Defendant admits the allegations contained in paragraph 75.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76, and denies same.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77, and denies same.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78, and denies same.

79.     Upon information and belief, Defendant admits the allegations contained in paragraph 79.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80, and denies same.

81.     Upon information and belief, Defendant admits the allegations contained in paragraph 81.

82.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82.

83.     Upon information and belief, Defendant admits the allegations contained in paragraph 83.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84, and denies same.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85, and denies same.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86, and denies same.

87.     Upon information and belief, the Decedent did speak on a cell phone at the time identified, but Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 87, and denies same.

8

{02388306.DOCX;1}

88.     Defendant admits the allegations contained in paragraph 88.

89.     Defendant admits the allegations contained in paragraph 89.

90.     Defendant admits the allegations contained in paragraph 90.

91.     Upon information and belief, Defendant admits the Decedent reached through the chuck hole at least one time, but denies the remaining allegations contained in paragraph 91.

92.     Upon information and belief, Defendant admits that at approximately 5:36 p.m., the surveillance video shows Defendant Maldonado knocking on the cell door of the cell occupied the Decedent, and appears to show him speaking to the Decedent.   The remaining allegations contained in paragraph 92 are denied.

93.     Defendant denies the allegations contained in paragraph 93.

94.     Defendant admits the allegations contained in paragraph 94.

95.     Defendant admits the allegations contained in paragraph 95.

96.     Upon information and belief, the Defendant admits the allegations contained in paragraph 96.

97.     Upon information and belief, Defendant admits the allegations contained in paragraph 97.

98.     Defendant denies the allegations contained in paragraph 98.

99.     Upon information and belief, Defendant admits that Defendant Altimirano kicked the cell door one time, but denies the allegations contained in paragraph 99.

100.    Upon information and belief, Defendant admits surveillance video appears to show the Decedent reach through the chuck hole.   Defendant denies the remainder of the allegations contained in paragraph 100.

{02388306.DOCX;1}

101.  Upon information and belief, Defendant admits that at approximately 5:49 p.m., Ross and McGlothlin approached the cell door.  Defendant denies the remainder of the allegations contained in paragraph 101.

102.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 102, and denies same.

103.  Upon information and belief, Defendant admits the allegations contained in paragraph 103.

104.  Defendant lacks information and belief sufficient to form a belief as to the allegations contained in paragraph 104, and denies same.

105.  Upon information and belief, Defendant admits the allegations contained in paragraph 105.

106.  Defendant denies the allegations contained in paragraph 106.

107.  Upon information and belief, Defendant admits the allegations contained in paragraph 107.

108.  Upon information and belief, Defendant admits the allegations contained in paragraph 108.

109.  Upon information and belief Defendant admits the allegations contained in paragraph 109.

110.  Upon information and belief, Defendant admits the allegations contained in paragraph 110.

111.  Upon information and belief, Defendant admits the allegations contained in paragraph 111.

112.   Upon information and belief, Defendant admits at approximately 6:01 p.m., Defendant Hill entered the jail.  Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 112, and denies same.

113.   Upon information and belief, Defendant admits the allegations contained in paragraph 113.

114.   Upon information and belief, Defendant denies the allegations contained in paragraph 114.

115.   Upon information and belief, Defendant admits the allegations contained in paragraph 115.

116.   Upon information and belief, Defendant admits Henson, Matney, and Arnold responded and reportedly observed Mr. Sanders beating on the inside of the cell door, yelling things like "Help"; "They are trying to kill me"; "They are trying to electrocute me" and "They are trying to burn me."  Defendant denies the remainder of the allegations contained in paragraph 116.

117.   Upon information and belief, Defendant admits the allegations contained in paragraph 117.

118.   Defendant denies the allegations contained in paragraph 118.

119.   Upon information and belief, Defendant admits the allegations contained in paragraph 119.

120.   Upon information and belief, Defendant admits the allegations contained in paragraph 120.

121.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 121, and denies same.

11

122. Defendant admits, upon information and belief, that at least some of the officers and jailers went outside, but denies the remainder of the allegations contained in paragraph 122.

123. Upon information and belief, Defendant admits the allegations contained in paragraph 123.

124. Upon information and belief, Defendant admits the allegations contained in paragraph 124, but lacks knowledge or information sufficient to form a belief as to the specific type of material used to cover the viewing window.

125. Upon information and belief, Defendant admits that the Decedent was confined in the holding cell, but denies the remaining allegations contained in paragraph 125.

126. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 126, and denies same.

127. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127, and denies same.

128. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128, and denies same.

129. Upon information and belief, Defendant admits the allegations contained in paragraph 129.

130. Upon information and belief, Defendant admits the allegations contained in paragraph 130.

131. Upon information and belief, Defendant admits the allegations contained in paragraph 131.

132. Defendant admits the allegations contained in paragraph 132.

133.    Defendant denies the allegations contained in paragraph 133.

134.    Defendant admits his law enforcement license had been suspended but denies the remainder of the allegations contained in 134.

135.    Defendant denies the allegations contained in paragraph 135.

136.    Defendant denies the allegations contained in paragraph 136.

137.    Defendant denies the allegations contained in paragraph 137.

138.    Defendant admits the allegations contained in paragraph 138.

139.    Defendant admits the allegations contained in paragraph 139.

140.    Defendant denies the allegations contained in paragraph 140.

141.    Defendant denies the allegations contained in paragraph 141.

142.    Upon information and belief, Defendant admits the allegations contained in paragraph 142.

143.    Defendant admits the allegations contained in paragraph 143.

144.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 144, and denies same.

145.    Upon information and belied, Defendant admits that Defendant Matney delivered knee strikes to the upper abdomen of the Decedent.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 145, and denies same .

146.    Upon information and belief, Defendant admits a handcuff was placed on the Decedent, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 146, and denies same.

147. Upon information and belief, Defendant admits that it is possible that Defendant Matney struck Mr. Sanders in the face with a fist more than once, but lacks knowledge or information sufficient to form a belief as to the truth of  the remainder of the allegations contained in paragraph 147, and denies same.

148. Upon information and belief, Defendant denies the allegations contained in paragraph 148.

149. Upon information and belief, Defendant admits that someone placed a handcuff on the Decedent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 149, and denies same.

150. Upon information and belief, Defendant admits the allegations contained in paragraph 150.

151. Upon information and belief, Defendant denies the allegations contained in paragraph 151.

152. Upon information and belief, Defendant admits the allegations contained in paragraph 152.

153. Defendant denies the allegations contained in paragraph 153.

154. Defendant denies the allegations contained in paragraph 154.

155. Defendant denies the allegations contained in paragraph 155.

156. Upon information and belief, Defendant admits the allegations contained in paragraph 156.

157. Upon information and belief, Defendant denies the allegations contained in paragraph 157.

{02388306.DOCX;1}

158. Upon information and belief, Defendant denies the allegations contained in paragraph 158.

159. Defendant denies the allegations contained in paragraph 159.

160. Defendant denies the allegations contained in paragraph 160.

161. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161, and denies same.

162. Defendant denies the allegations contained in paragraph 162.

163. Defendant denies the allegations contained in paragraph 163.

164. Upon information and belief, Defendant admits the allegations contained in paragraph 164.

165. Defendant denies the allegations contained in paragraph 165.

166. Defendant denies the allegations contained in paragraph 166.

167. Defendant denies the allegations contained in paragraph 167.

168. Defendant denies the allegations contained in paragraph 168.

169. Defendant denies the allegations contained in paragraph 169.

170. Defendant denies the allegations contained in paragraph 170.

171. Defendant denies the allegations contained in paragraph 171.

172. Defendant denies the allegations contained in paragraph 172.

173. Defendant denies the allegations contained in paragraph 173.

174. Defendant denies the allegations contained in paragraph 174.

175. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175, and denies same.

{02388306.DOCX;1}

176.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176, and denies same.

177.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177, and denies same.

178.   Defendant lacks  knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178, and denies same.

179.   Defendant admits the allegations contained in paragraph 179.

180.   Defendant denies the allegations contained in paragraph 180.

181.   Defendant admits the allegations contained in paragraph 181.

182.   Defendant denies the allegations contained in paragraph 182.

183.   Defendant denies the allegations contained in paragraph 183.

184.   Defendant admits the allegations contained in paragraph 184.

185.   Defendant admits the allegations contained in paragraph 185.

186.   Defendant admits the Certificate of Death regarding Mr. Sanders states the cause of death was: "PROBABLE – EXCITED DELIRIUM SYNDROME."  Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 186, and denies same.

187.   Defendant denies the allegations contained in paragraph 187.

188.   Defendant denies the allegations contained in paragraph 188.

189.   Defendant denies the allegations contained in paragraph 189.

190.   Upon information and belief, Defendant admits that the Missouri State Highway Patrol second interview of Arnold synopsis states: "He said he did believe that bad tactics may

have been used, but nothing criminal happened."   Defendant denies the remainder of the allegations contained in paragraph 190.

191.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191, and denies same.

192.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192, and denies same.

193.   Defendant denies the allegations contained in paragraph 193.

194.   Defendant denies the allegations contained in paragraph 194.

195.   Defendant denies the allegations contained in paragraph 195.

196.   Defendant denies the allegations contained in paragraph 196.

197.   Defendant denies the allegations contained in paragraph 197.

198.   Defendant denies the allegations contained in paragraph 198.

199.   Defendant denies the allegations contained in paragraph 199.

200.   Defendant denies the allegations contained in paragraph 200.

201.   Defendant denies the allegations contained in paragraph 201.

202.   Defendant denies the allegations contained in paragraph 202.

203.   Defendant denies the allegations contained in paragraph 203.

204.   Defendant denies the allegations contained in paragraph 204.

205.   Defendant denies the allegations contained in paragraph 205.

206.   Defendant denies the allegations contained in paragraph 206.

207.   Defendant denies the allegations contained in paragraph 207.

208.   Defendant denies the allegations contained in paragraph 208.

209.   Defendant denies the allegations contained in paragraph 209.

{02388306.DOCX;1}

210.    Defendant denies the allegations contained in paragraph 210.

211.    Defendant denies the allegations contained in paragraph 211.

212.    Defendant denies the allegations contained in paragraph 212.

213.    Defendant denies the allegations contained in paragraph 213.

214.    Defendant denies the allegations contained in paragraph 214.

215.    Defendant denies the allegations contained in paragraph 215.

216.    Defendant denies the allegations contained in paragraph 216.

217.    Defendant denies the allegations contained in paragraph 217.

218.    Defendant denies the allegations contained in paragraph 218.

219.    Defendant denies the allegations contained in paragraph 219.

220.    Defendant denies the allegations contained in paragraph 220.

221.    Defendant denies the allegations contained in paragraph 221.

222.    Defendant denies the allegations contained in paragraph 222.

223.    Defendant denies the allegations contained in paragraph 223.

224.    Defendant denies the allegations contained in paragraph 224.

225.    Defendant denies the allegations contained in paragraph 225.

226.    Defendant denies the allegations contained in paragraph 226.

227.    Defendant denies the allegations contained in paragraph 227.

228.    Defendant denies the allegations contained in paragraph 228.

229.    Defendant denies the allegations contained in paragraph 229.

230.    Defendant denies the allegations contained in paragraph 230.

231.    Defendant denies the allegations contained in paragraph 231.

232.    Defendant denies the allegations contained in paragraph 232.

{02388306.DOCX;1}

## COUNT I

233. Defendant incorporates by reference his above responses to Plaintiff's allegations in paragraphs 1 through 232 as if each were set forth here verbatim.

234. Defendant denies the allegations contained in paragraph 234.

235. Defendant denies the allegations contained in paragraph 235.

236. Defendant denies the allegations contained in paragraph 236.

237. Upon information and belief, Defendant admits the allegations contained in paragraph 238.

238. Defendant denies the allegations contained in paragraph 238.

239. Defendant denies the allegations contained in paragraph 239.

240. Defendant denies the allegations contained in paragraph 240.

241. Defendant admits Mr. Sanders was taken by Charleston officers to be detained at the Mississippi County Jail.  Defendant denies the remaining allegations contained in paragraph 241.

242. Defendant denies the allegations contained in paragraph 242.

243. Defendant denies the allegations contained in paragraph 243.

244. Defendant denies the allegations contained in paragraph 244.

245. Defendant denies the allegations contained in paragraph 245.

246. Defendant denies the allegations contained in paragraph 246.

247. Defendant denies the allegations contained in paragraph 247.

248. Defendant denies the allegations contained in paragraph 248.

249. Defendant denies the allegations contained in paragraph 249.

250. Defendant denies the allegations contained in paragraph 250.

251.    Defendant denies the allegations contained in paragraph 251.

252.    Defendant denies the allegations contained in paragraph 252.

253.    Defendant denies the allegations contained in paragraph 253.

254.    Defendant denies the allegations contained in paragraph 254.

255.    Defendant denies the allegations contained in paragraph 255.

256.    Defendant denies the allegations contained in paragraph 256.

257.    Defendant denies the allegations contained in paragraph 257.

258.    Defendant denies the allegations contained in paragraph 258.

259.    Defendant denies the allegations contained in paragraph 259.

260.    Defendant denies the allegations contained in paragraph 260.

261.    Defendant denies the allegations contained in paragraph 261.

262.    Defendant denies the allegations contained in paragraph 262.

263.    Defendant denies the allegations contained in paragraph 263.

264.    Defendant denies the allegations contained in paragraph 264.

265.    Defendant denies the allegations contained in paragraph 265.

266.    Defendant denies the allegations contained in paragraph 266.

267.    Defendant denies the allegations contained in paragraph 267.

268.    Defendant denies the allegations contained in paragraph 268.

269.    Defendant denies the allegations contained in paragraph 269.

WHEREFORE, Defendant prays and moves that this Court dismiss Count I against him, for the award of his fees and costs, and for such other relief this Court deems just and proper.

## COUNT II

{02388306.DOCX;1}

270. Defendant incorporates by reference the above responses made to Plaintiff's allegations as if each were set forth here verbatim.

271. Defendant denies the allegations contained in paragraph 271.

272. Defendant denies the allegations contained in paragraph 272.

273. Defendant denies the allegations contained in paragraph 273.

274. Defendant denies the allegations contained in paragraph 274.

275. Defendant denies the allegations contained in paragraph 275.

276. Defendant denies the allegations contained in paragraph 276.

277. Defendant denies the allegations contained in paragraph 277.

278. Defendant denies the allegations contained in paragraph 278.

279. Defendant denies the allegations contained in paragraph 279.

280. Defendant denies the allegations contained in paragraph 280.

281. Defendant denies the allegations contained in paragraph 281.

282. Defendant denies the allegations contained in paragraph 282.

283. Defendant denies the allegations contained in paragraph 283.

284. Defendant denies the allegations contained in paragraph 284.

285. Defendant denies the allegations contained in paragraph 285.

286. Defendant denies the allegations contained in paragraph 286.

287. Defendant denies the allegations contained in paragraph 287.

288. Defendant denies the allegations contained in paragraph 288.

289. Defendant denies the allegations contained in paragraph 289.

290. Defendant denies the allegations contained in paragraph 290.

291. Defendant denies the allegations contained in paragraph 291.

292.    Defendant denies the allegations contained in paragraph 292.

293.    Defendant denies the allegations contained in paragraph 293.

294.    Defendant denies the allegations contained in paragraph 294.

295.    Defendant denies the allegations contained in paragraph 295.

296.    Defendant denies the allegations contained in paragraph 296.

297.    Defendant denies the allegations contained in paragraph 297.

298.    Defendant denies the allegations contained in paragraph 298.

299.    Defendant denies the allegations contained in paragraph 299.

300.    Defendant denies the allegations contained in paragraph 300.

301.    Defendant denies the allegations contained in paragraph 301.

302.    Defendant denies the allegations contained in paragraph 302.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such other relief this Court deems just and proper.

### COUNT 3

303.    Defendant incorporates by reference the above responses made to Plaintiff's allegations as if each were set forth here verbatim.

304.    Defendant admits on May 5, 2017, Mr. Sanders was a detainee at the CDPS, where he came under the care, custody, and control of Charleston.  Defendant denies the remainder of the allegations contained in paragraph 304.

305.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 305.

306.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 306.

{02388306.DOCX;1}

307.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 307.

308.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 308.

309.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 309.

310.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 310.

311.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 311.

312.    Defendant denies the allegations contained in paragraph 312, as phrased.

313.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 313.

314.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 314.

315.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 315.

316.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 316.

317.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 317.

318.    Defendant denies the allegations contained in paragraph 318, as phrased.

{02388306.DOCX;1}

319. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 319.

320. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 320.

321. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 321.

322. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 322.

323. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 323.

324. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 324.

325. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 325.

326. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 326.

327. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 327, including all subparts (as phrased).

328. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 328.

329. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 329.

{02388306.DOCX;1}

330.   Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 330.

331.   Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 331.

332.   . Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 332.

333.   Defendant denies the allegations contained in paragraph 333.

334.   Defendant denies the allegations contained in paragraph 334.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such other relief this Court deems just and proper.

## COUNT 4

335.   Defendant incorporates by reference the above responses made to Plaintiff's allegations as if each were set forth here verbatim.

336.   Defendant admits on May 5, 2017, Mr. Sanders was a detainee at the CDPS, where he came under the care, custody, and control of Charleston.  Defendant denies the remainder of the allegations contained in paragraph 336.

337.   Defendant denies the allegations contained in paragraph 337.

338.   Defendant denies the allegations contained in paragraph 338.

339.   Defendant denies the allegations contained in paragraph 339.

340.   Defendant denies the allegations contained in paragraph 340.

341.   Defendant denies the allegations contained in paragraph 341.

342.   Defendant denies the allegations contained in paragraph 342.

343.   Defendant denies the allegations contained in paragraph 343

344.   Defendant denies the allegations contained in paragraph 344

345.   Defendant denies the allegations contained in paragraph 345.

346.   Defendant denies the allegations contained in paragraph 346.

347.   Defendant denies the allegations contained in paragraph 347.

348.   Defendant denies the allegations contained in paragraph 348.

349.   Defendant admits the allegations contained in paragraph 349.

350.   Defendant denies the allegations contained in paragraph 350.

351.   Defendant denies the allegations contained in paragraph 351.

352.   Defendant denies the allegations contained in paragraph 352.

353.   Defendant denies the allegations contained in paragraph 353.

354.   Defendant denies the allegations contained in paragraph 354.

355.   Defendant denies the allegations contained in paragraph 355.

356.   Defendant denies the allegations contained in paragraph 356.

357.   Defendant denies the allegations contained in paragraph 357.

358.   Defendant denies the allegations contained in paragraph 358, including all subparts.

359.   Defendant denies the allegations contained in paragraph 359.

360.   Defendant denies the allegations contained in paragraph 360.

361.   Defendant denies the allegations contained in paragraph 361.

362.   Defendant admits Mississippi County employees have deployed TASERs on several occasions prior to Mr. Sanders' death.  Defendant denies the remainder of the allegations contained in paragraph 362.

363.   Defendant denies the allegations contained in paragraph 363.

364.   Defendant denies the allegations contained in paragraph 364.

{02388306.DOCX;1}

365.    Defendant denies the allegations contained in paragraph 365.

366.    Defendant denies the allegations contained in paragraph 366.

367.    Defendant denies the allegations contained in paragraph 367.

368.    Defendant denies the allegations contained in paragraph 368.

369.    Defendant denies the allegations contained in paragraph 369.

370.    Defendant denies the allegations contained in paragraph 370.

371.    Defendant denies the allegations contained in paragraph 371.

372.    Defendant denies the allegations contained in paragraph 372.

373.    Defendant denies the allegations contained in paragraph 373.

374.    Defendant denies the allegations contained in paragraph 374.

375.    Defendant denies the allegations contained in paragraph 375.

376.    Defendant denies the allegations contained in paragraph 376.

377.    Defendant denies the allegations contained in paragraph 377.

378.    Defendant denies the allegations contained in paragraph 378, including all subparts.

379.    Defendant denies the allegations contained in paragraph 379.

380.    Defendant denies the allegations contained in paragraph 380.

381.    Defendant denies the allegations contained in paragraph 381.

382.    Defendant denies the allegations contained in paragraph 382.

383.    Defendant denies the allegations contained in paragraph 383.

384.    Defendant denies the allegations contained in paragraph 384.

385.    Defendant denies the allegations contained in paragraph 385.

386.    Defendant denies the allegations contained in paragraph 386.

387.    Defendant denies the allegations contained in paragraph 387.

{02388306.DOCX;1}

388.   Defendant denies the allegations contained in paragraph 388.

389.   Defendant denies the allegations contained in paragraph 389.

390.   Defendant denies the allegations contained in paragraph 390.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such other relief this Court deems just and proper.

## COUNT 5

391.   Defendant incorporates by reference the above responses made to Plaintiff's allegations as if each were set forth here verbatim.

392.   Defendant denies the allegations contained in paragraph 392.

393.   Defendant denies the allegations contained in paragraph 393.

394.   Defendant denies the allegations contained in paragraph 394.

395.   Defendant denies the allegations contained in paragraph 395.

396.   Defendant denies the allegations contained in paragraph 396.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such other relief this Court deems just and proper.

## COUNT 6

397.   Defendant incorporates by reference the above responses made to Plaintiff's allegations as if each were set forth here verbatim.

398.   Defendant denies the allegations contained in paragraph 398.

399.   Defendant denies the allegations contained in paragraph 399.

400.   Defendant denies the allegations contained in paragraph 400, including all subparts.

401.   Defendant denies the allegations contained in paragraph 401.

402.   Defendant denies the allegations contained in paragraph 402.

{02388306.DOCX;1}

403.    Defendant denies the allegations contained in paragraph 403.

404.    Defendant denies the allegations contained in paragraph 404.

405.    Defendant denies the allegations contained in paragraph 405.

406.    Defendant denies the allegations contained in paragraph 406.

407.    Defendant denies the allegations contained in paragraph 407.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A.  Defendant, in his individual capacity, is entitled to qualified immunity regarding all federal claims as his actions were reasonable in light of the circumstances presented to him by the resisting and/or assault by Mr. Sanders against several law enforcement officers and Mr. Sanders' refusal to allow entry into the cell and otherwise comply with lawful commands.  Defendant's conduct did not violate any clearly established right as of May 5, 2017.

B.  Defendant, in his individual capacity, is entitled to official immunity regarding all state law claims as his actions were justified, done in good faith, and that Defendant used his professional judgment and discretion.  Defendant did not breach any ministerial duties.

C.  Defendant, in his official capacity, is entitled to dismissal as such a claim is redundant to a claim against Mississippi County, Missouri.

D.  Defendant, in his official capacity regarding state law claim is entitled to dismissal based on sovereign immunity.

E.  Defendant, in his official capacity, is immune from punitive damages regarding all claims raised under 42 U.S.C. § 1983.

29

F. Whatever damages were caused to Plaintiff and/or Mr. Sanders were caused or contributed to by the intentional misconduct, criminal misbehavior, carelessness and negligence of Mr. Sanders, by his failure to respond to or to obey lawful orders of law enforcement officers, by his unreasonably and unlawfully resisting all efforts to contain him, by his consent in fighting with the officers, and by his refusal and failure to allow officers to provide any type of care to him.

G. As a defense to Plaintiff's false imprisonment claim, any incarceration was justified based on Mr. Sanders' actions prior to detention and during detention.

H. In view of the determination that Mr. Sanders should be held and taken to a medical facility on a 96 hour hold, Mr. Sanders' detention was justified.

I. Arguable probable cause and actual probable cause existed for the detention of Mr. Sanders, including without limitation by Mr. Sanders' own voluntary consent, the totality of the circumstances, the psychological evaluation performed regarding Mr. Sanders, which demonstrated that Mr. Sanders exhibited a mental disorder and, as a result, presented a serious and imminent likelihood of serious physical harm to himself and to others.

J. Defendant is entitled to offset and reduction of any judgment or award which may be entered against him under federal and Missouri law (R.S.Mo. § 537.060) up to and including in the amount of $500,000.00 based on Plaintiff's settlement with the City of Charleston, Chief Robert Hearnes, Officer Curtis Arnold, Officer Zachary Matney, and Officer Austin Henson.

{02388306.DOCX;1}

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Hutchison moves the Court to dismiss Plaintiffs Complaint against him, for his costs and fees expended, and for such other and further relief as the Court deems proper.

/s/ Robert T. Plunkert
Peter J. Dunne  #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendant Cory Hutcheson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5505
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 27th day of April, 2021:

Samuel M. Wendt
Nick Hillyard
Wendt Law Firm, P.C.
4717 Grand Avenue, Suite 130
Kansas City, Missouri 64112
sam@wendtlaw.com
nick@wendtlaw.com
*Attorney for Plaintiff*

Michael G. Hoskins *pro hac vice*
Law Office of Michael G. Hoskins, P.C.
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
mgh@michaelghoskins.com
*Attorney for Plaintiff*

A.M. Spradling, III
Spradling & Spradling
1838 Broadway
P.O. Drawer 1119
Cape Girardeau, Missouri 63702
albert@spradlaw3.com
*Attorney for Defendants Mississippi County, Sally Yanez, Ryan Hill, Joe Ross, Josh Maldonado, Decota McGlothlin, and Faith Altamirano*

D. Keith Henson
Paule and Camazine, P.C.
165 N. Meramec Avenue, Suite 100
Clayton, Missouri 63105
khenson@pcblawfirm.com
*Attorney for Defendants City of Charleston, Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Hensen*

/s/ Robert T. Plunkert

31