UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| QUINTA SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 1:18-CV-00269ACL |
| | ) | |
| MISSISSIPPI COUNTY, MISSOURI, ET AL | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MISSISSIPPI COUNTY DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

The Mississippi County Defendants, pursuant to Local Rule 7-401, submit this Memorandum in Support of their Motion to Enforce Settlement Agreement.

Plaintiffs filed a multi count complaint against various Defendants, individually and in their official capacities, some of whom were law enforcement officers with the City of Charleston, Missouri, and others were corrections officers, and law enforcement officers with Mississippi County Sheriff's Department. Additionally, Mississippi County, Missouri, a municipal corporation, was included as one of the Defendants. Substantial discovery has taken place in said case and the Charleston, Missouri Defendants have settled their claims and the Court has heard testimony concerning the settlement and a recitation of the various facts in the case.

On March 24, 2021, Plaintiffs' counsel submitted to the counsel representing Mississippi County Defendants and Cory Hutcheson an email specifically referencing a Missouri Court of

-1-

Appeals decision involving MOPERM and whether or not it was immune from claims of bad faith failure to settle within policy limits and breach of a fiduciary duty and thereafter made a demand upon the Defendants insurer one final opportunity to settle within its policy limits for $2,000.000.00.

Counsel for Cory Hutcheson asked for clarification as to coverage for Cory Hutcheson in the demand, to which, Plaintiff's counsel responded "I am talking about anyone insured by MOPERM. If they are denying coverage for Mr. Hutcheson, he would be excluded".   Further inquiry by Cory Hutcheson's attorney concerning coverage for Mr. Hutcheson in the demand resulted in a further response from Plaintiffs' attorney stating "I am not sure why there is a disconnect. If MOPERM is denying coverage for Cory, then he excluded from the demand from MOPERM."

Thereafter, on or about April 20, 2021, Plaintiffs' counsel informed the Mississippi County Defendants that the March 24, 2021 demand would be withdrawn in the very near future and their demand to settle within the policy limits would be withdrawn shortly.  Additional communication was made on April 20, 2021 concerning the meeting of MOPERM to provide additional authority to meet Plaintiff's demand.

On April 26, 2021, the Mississippi County Defendants received authority to pay the policy limits of $2,000,000.00 to Plaintiffs for a full and final settlement of all their claims against the Mississippi County Defendants including Cory Hutcheson, who MOPERM agreed to cover as an insured under its policy.  Plaintiffs' counsel on April 26th was notified of MOPERM offering it's policy limits of $2,000,000.00 as a full and final settlement.

On April 26th, after receipt of the notification that MOPERM will be paying its $2,000,000.00 as a full and final settlement, including all of the Mississippi County Defendants who were insured under its policy and Cory Hutcheson, Plaintiffs rejected the settlement offer of $2,000,000.00.  A

copy of the rejection is attached as an exhibit.

The Mississippi County Defendants met the settlement demand of $2,000,000.00 made by Plaintiffs for a settlement of the case, which were the policy limits for those Mississippi County Defendants insured by MOPERM.  Cory Hutcheson was accepted by MOPERM as an insured.

The Mississippi County Defendants have done everything regarding the settlement demand and offer of settlement of Plaintiffs, agreeing to pay their policy limits of $2,000,000.00 as demanded in the March 24, 2021 email to defense attorneys and MOPERM has included as an insured Cory Hutcheson under its policy.  It is clear from Plaintiffs' demand of $2,000,000.00, which was met by the Mississippi County Defendants that anyone insured under the MOPERM policy would be included in the settlement demand.

By MOPERM and the Mississippi County Defendants offering to settle within its policy limits and Cory Hutcheson being an insured under the MOPERM policy and Plaintiffs demand of $2,000,000.00 to settle within the policy limits for all those who are insured under the MOPERM policy, a valid settlement agreement has been reached between Plaintiffs and the Mississippi County Defendants.

In Missouri, courts have the inherent power to enforce a settlement agreement entered into between the parties in a pending case.  BP Prod. N. AM., Inc. v. Wallis Petroleum, L.C., 2007 U.S. Dist. LEXIS 31187 (ED MO) [Citing, Randol v. Harmon, 761 S.W. 2d 278 (Mo. App. 1998).

In order to have legal validity, a compromise settlement must possess the essential elements of any other contact.  Id.  A valid settlement agreement must possess the essential elements of contract, which includes (1) the involvement of parties who are competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of obligation, and (5) mutuality of agreement. Chaganti & Associates, P.C. v. Nowotny, 470 F. 3d 1215, 1221 (8th Cir. 2006).

Once the parties have reached an agreement on settlement terms, "the parties cannot rescind it.". BP Prod. N. Am., Inc., Supra. [Citing, Caleshu v. Merrill Lynch, 737 F. Supp. 1070 (ED MO 1990)]. A writing is not necessary, and where there is no writing or a dispute as to whether a writing exists, a court may nevertheless find the parties intended to be bound by a settlement by considering "the course of negotiations, agreement on material terms, whether the parties described the settlement as such, and whether any existing disagreements were merely technicalities.". Id. Email exchanges can constitute the essential elements of a settlement agreement and show that both parties intended to settle all issues in dispute. Walsh v. G.E.A.R.S. & Auction Holdings & Acquisitions, Inc., 2020 U.S. Dist. LEXIS 231333 *11.

In this case, the essential elements of an enforceable contract have been met with respect to the settlement between the parties and with the various corresponding emails, agreement on the material terms and, a description of the settlement. There is no question the parties have reached a validly enforceable settlement.

Plaintiff demanded $2,000,000.00, being the policy limits of the MOPERM policy, to settle the Plaintiffs case against the Mississippi County Defendants. The Mississippi County Defendants included all those who were insured under the MOPERM policy. Cory Hutcheson, as well as the other individuals and County, were insured under the MOPERM policy and Plaintiffs were advised of the same. Plaintiff did not qualify who was insured under the MOPERM policy, other than to state that if Cory Hutcheson was not covered under the MOPERM policy, he would be excluded from the settlement demand of the $2,000,000.00. Once Cory Hutcheson was insured under the MOPERM policy, which Plaintiff was informed he was, he was an included Mississippi County Defendant subject to the MOPERM policy limits of $2,000,000.00. Plaintiffs' email demand of $2,000,000.00 made no reservations or limitations as to the scope of settlement agreement. The only

-4-

issue was all those who were insured by MOPERM were included in the policy limits demand and

Cory Hutcheson was an insured along with the rest of the Mississippi County Defendants under

MOPERM's policy.  Plaintiff did not make any reservations or limitations as to the scope of the

settlement.  Walsh, Supra.

Settlement agreements are favored by the courts.  Caleshu v. Merrill Lynch, 737 F. Supp.

1070, 1086 (ED MO 1990).

Based on the foregoing, it is respectfully submitted that this Court grant the Mississippi

County Defendants Motion for an Order Enforcing the Settlement Agreement reached between the

parties to resolve this case and for such further relief as the Court deems just and proper.


SPRADLING & SPRADLING

By

A.M. Spradling, III     #23702
1838 Broadway, P.O. Drawer 1119
Cape Girardeau, MO 63702-1119
(573)335-8296   Fax:(573)335-8525
spradlaw@spradlaw3.com
ATTORNEYS  FOR  DEFENDANTS  MISSISSIPPI
COUNTY


**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2021, the foregoing  was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record.


SPRADLING & SPRADLING

By: 

-5-