UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| QUINTA SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No: 1:18-CV-00269ACL |
| | ) |
| MISSISSIPPI COUNTY, MISSOURI, ET AL | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MISSISSIPPI COUNTY DEFENDANT'S RESPONSE TO PLAINTIFF QUINTA SANDER'S MEMORANDUM OF LAW IN OPPOSITION TO THE MISSISSIPPI COUNTY DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff has filed a Memorandum of Law in Opposition to the Mississippi County Defendants' Motion to Enforce Settlement Agreement and quite frankly has misstated Plaintiff's offer to settle the case, which the Mississippi County Defendants accepted.

Plaintiff unequivocally offered to settle the claims against the Defendants for $2,000,000.00, which was the policy limits of the MOPERM policy and MOPERM and the Mississippi Defendants accepted the offer to settle for $2,000.000.00. The offer of settlement did not exclude specifically or otherwise Cory Hutcheson from the settlement if he was insured under MOPERM's policy.

Exhibit A, attached to Mississippi County Defendants' Motion dated March 24, 2021, which was addressed to Robert T. Plunkert and Spradling & Spradling was directed to both Plunkert and Spradling jointly indicating that "Ms. Sanders was willing to give your clients insurer one final

opportunity to settle within its policy limits for $2,000.000.00. This demand is unlimited in time, but will not remain open in perpetuity.". Mr. Plunkert asked for clarification as to whether Cory Hutcheson was included in the settlement offer to which Plaintiffs' counsel stated "I am talking about anyone insured by MOPERM. If they are denying coverage for Mr Hutcheson, he would be excluded.". Implicit in that response is that if MOPERM insured Cory Hutcheson he was <u>included</u> in the settlement. The continued dialog of the March 24, 2021 emails shown on Exhibit A, ended with Plaintiffs' counsel stating "I am not sure why there is a disconnect. If MOPERM is denying coverage for Cory, then he is excluded from the demand to MOPERM.". Once again, Plaintiffs' counsel is indicating that if Cory Hutcheson is included as an insured under MOPERM's policy, he is included in the settlement demand of $2,000,000.00 to which MOPERM and Mississippi County Defendants accepted on its letter to Plaintiffs' counsel of April 26, 2021 (Exhibit C of Mississippi County's Motion to Enforce Settlement Agreement).

At not time was there a counteroffer made to the settlement demand of $2,000,000.00 to settle within the policy limits. The explicit settlement demand of $2,000,000.00 covered all Defendants insured by MOPERM. There was no specific exclusion of Cory Hutcheson in the initial or any subsequent discussions after the initial offer of settlement was made. The Mississippi County Defendants were given authority to settle within the policy limits during the MOPERM committee meeting on April 23, 2021 (Exhibit B) to which Mississippi County Defendants' attorney, the undersigned, communicated the committee's response to the settlement demand to Plaintiff accepting the offer of settlement.

The essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation. <u>Tower Props. Co. V. Allen</u>, 33 S.W.3d 684, 688 (Mo. App. 2000) and <u>Chaganti and Associates, P.C. v.</u>

Nowotny, 470 F. 3d 1215, 1221 (8th Cir. 2006).

No one is raising the issue of the parties not being competent to contract, the proper subject matter is the settlement of the lawsuit between Plaintiff and the Mississippi County Defendants, legal consideration is $2,000.000.00, and there is a mutuality of agreement in that the Mississippi County Defendants, whoever they were and are, agree to pay $2,000,000.00 to the Plaintiff and there is a mutuality of obligation for the $2,000,000.00 settlement the lawsuit against the Mississippi County Defendants will be dismissed. There is no ambiguity in who the Mississippi County Defendants are or were considered in the settlement demand that was met by the Defendants. The settlement demand indicated that the Mississippi County Defendants insurer, which was MOPERM, would pay its policy limits of $2,000,000.00. Plaintiffs' counsel and Plaintiffs did not limit who the Mississippi County Defendants would be subject to the settlement demand. There was a valid offer to settle, a valid acceptance of the settlement, and the acceptance was not a counter offer, but rather an acceptance of the original offer made by Plaintiffs.

Had Plaintiffs intended to include other insurers other than MOPERM in the settlement offer, then they should have been more explicit in their settlement offer to begin with. Had Plaintiffs' settlement offer directed to the MOPERM/Mississippi County Defendants intended to explicitly exclude Cory Hutcheson, then that explicit exclusion should have been set out in the settlement offer in the first place. It was not and the fact that MOPERM agreed to insure Cory Hutcheson and he became a Mississippi County Defendant to which the $2,000,000.00 settlement offer applied.

There is nothing ambiguous about the settlement offer, there is nothing ambiguous about the settlement acceptance and this Court should enforce the settlement as agreed upon between the parties.

Any reservation or limitation as to the scope of the settlement agreement must clearly

-3-

expressed. Bath Junkie Branson, LLC v. Bath Junkie, Inc., 528 F. 3d 556, 562 (8th Cir. 2008) [quoting Fiegener v. Freeman-Oak Hill Health System, 996 S.W. 2d 768, 773 (Mo. App. 1996)]. Even if the party may have subjectively believed that it had outstanding important contractual terms, a court will still enforce a settlement agreement that the record reflects contains all material terms. Id.

Where one party may now be unhappy with some or all of the terms, the fact that it decides after the fact that a contract is not to its liking does not provide reason to release it from its obligation. Biologix Franchise Mktg. Corp. V. Logic, 2020 U.S. Dist. LEXIS 187 *11 (EDMO).

It is clear that there was no reservation or limitation as to the scope of the settlement agreement being expressed. The offer was to settlement for the policy limits for those insured under the MOPERM policy. What Plaintiff may have subjectively believed was an outstanding important contractual term should not stop the enforcement of this settlement agreement because the record reflects all the material terms of the settlement and there were no limitations or restrictions within who was going to be covered as a MOPERM insured. The fact that Plaintiffs now may have reservations about the settlement offer and the acceptance by MOPERM and the Mississippi County Defendants does not provide a reason to release the Plaintiffs from their agreement to settle the case for the MOPERM policy limits for all of the Mississippi County Defendants, including Cory Hutcheson who is a Mississippi County Defendant.

It is therefore respectfully submitted, the Court, in accordance with the Motion to Enforce the Settlement Agreement by the Mississippi County Defendants, enforce said agreement as set out.

SPRADLING & SPRADLING

By *[signature]*

A.M. Spradling, III   #23702
1838 Broadway, P.O. Drawer 1119
Cape Girardeau, MO 63702-1119
(573)335-8296   Fax:(573)335-8525
spradlaw@spradlaw3.com
ATTORNEYS FOR DEFENDANTS MISSISSIPPI COUNTY, MISSOURI, SALLY YANEZ, RYAN HILL, JOE ROSS, JOSH MALDONADO, FAITH ALTAMIRANO and DECOTA McGLOTHLIN

**CERTIFICATE OF SERVICE**

I hereby certify that on **5-10-21**, the foregoing was electronically sent to the following:

Samuel M. Wendt  -  sam@wendtlaw.com
D. Keith Henson  -  khenson@pcblawfirm.com
Robert T. Plunkert  -  plunkert@pspclaw.com

SPRADLING & SPRADLING

By: _____