UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTA SANDERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 1:18-CV-00269 ) |
| MISSISSIPPI COUNTY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## *RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO MISSISSIPPI COUNTY DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT*

COMES NOW, Defendant Cory Hutcheson, and for his Response to Plaintiff's Motion for Leave (Doc. No. 109), states:

**ARGUMENT**

I. **This Court should not grant leave under the circumstances as Plaintiff has had the opportunity to argue and has argued her position that Mr. Spradling did not represent Mr. Hutcheson, but Plaintiff decided not to raise legal arguments regarding authority in the briefing.**

As this Court is aware, the parties (through their attorneys) attended a telephonic conference concerning Mississippi County Defendants' Motion to Enforce Settlement Agreement (Doc. 90) filed on April 28, 2021. The Motion to Enforce concerns a letter sent to Plaintiff's counsel agreeing to pay Plaintiff MOPERM's policy limits of $2,000,000.00 as a full and final settlement of Plaintiff's claims against the Mississippi County Defendants, including Cory Hutcheson, subject to the Court's approval of the wrongful death settlement.

{02412867.DOCX;1}

This Court provided ten days to the parties to determine whether there was any change in the parties' respective positions. On Monday, August 23, 2021, counsel for Plaintiff Sam Wendt and counsel for Defendant Hutcheson Robert Plunkert spoke briefly before Mr. Plunkert had to abruptly return to a proceeding in progress. Mr. Plunkert sent an e-mail the following day asking that Mr. Wendt let him know if there was "anything else you want to cover[.]" Ex. A. Plaintiff's attorney neither informed this Court during the conference nor the undersigned of his intention to file a Motion for Leave during this Court's ten-day grace period before issuing a ruling. As referenced by the undersigned during the telephonic conference with the Court, there is a pending set of deadlines under this Court's Fourth Amended Case Management Order (a reason for using a time limit of a ten-day period of time). The undersigned understands from the telephone conference that this Court has considered the motion and is prepared rule on the issue on or near August 31, 2021.

Plaintiff's asserted grounds for requesting leave to file her supplemental memorandum is the supposed factual contention Mr. Spradling does not represent Defendant Hutcheson in this case and the resulting legal contention that Mr. Spradling lacked authority to accept the settlement offer on behlf of Hutcheson. Plaintiff was capable of raising these arguments during the regular briefing period. She failed to do so.

Mr. Spradling stated,

> I have received authority from MOPERM and the Mississippi County Defendants, *including Cory Hutcheson* as a Mississippi County Defendant, to pay to the Plaintiffs' the MOPERM policy limits of $2,000,000.00 as a full and final settlement of all of Plaintiffs' claims against the Mississippi County Defendants, subject to the Court's approval of the wrongful death settlement.
>
> Through Bob Plunkert's efforts over the past several weeks, he was able to convince MOPERM that Cory Hutcheson should be covered under the Mississippi County policy with MOPERM.

Doc. 90-3. (Emphasis in original.)  The Plaintiff's attorney did not question Mr. Spradling's authority to accept the offer on behalf of Cory Hutcheson in his response e-mail. Doc. 90-4. The Motion to Enforce the Settlement expressly began, "COME NOW the Mississippi County Defendants, including Cory Hutcheson. . ." Doc. 90, p. 1. Plaintiff was aware of this and specifically argued that Mr. Spradling did not represent Cory Hutcheson. Doc. 96, pp. 5–6. Plaintiff chose not to include any arguments she now seeks to raise regarding the issue of authority. *See* Doc. 96

Based on asserting Mr. Spradling did not represent Mr. Hutcheson and failing to raise these arguments in any previous briefing (occurring over three months ago), this Court should deny leave for further arguments.

**II.      This Court should not grant leave, as the proposed arguments would be futile.**

Plaintiff argues that Mr. Spradling did not represent Mr. Hutcheson, so he did not have authority to accept an offer on Mr. Hutcheson's behalf. This is an incorrect assertion as a matter of law and fact.

**A. Law**

Under Missouri law, defense counsel retained by an insurance company represents both the insurer and the insured. *In re Allstate Ins. Co.*, 722 S.W.2d 947, 952 (Mo. banc 1987) (citing *Helm v. Inter-Ins. Exch.*, 192 S.W.2d 417[, 420] (Mo. banc 1946), and stating that *Helm* "recognizes that defense counsel retained by an insurance company actually represent both insurer and insured."). Plaintiff has admitted that "MOPERM hired Albert Spradling to defend the Mississippi County Defendants" in this matter. Doc. 96, p. 3. There is no dispute Mr. Spradling represents, *inter alia*, MOPERM in this matter. Accordingly, though Plaintiff is in possession of the MOPERM policy in this matter, she has provided no evidence to this Court that

3

Mr. Spradling lacked authority under the MOPERM policy to accept a settlement on behalf of its insureds. *See* Ex. B, MOPERM Policy, p. 31 ("**MOPERM** may make such investigation, negotiation or settlement of any claim or suit as it deems expedient."). To the extent Plaintiff requests such authority between MOPERM and Mr. Spradling, this Court should not require the waiver of the attorney-client privilege and disclosure of protected communications between MOPERM and Mr. Spradling to refute Plaintiff's argument (which itself is unsupported by any evidence).[1]

Plaintiff cites to *Rosenblum v. Jacks or Better of Am. W. Inc.*, 745 S.W.2d 754, 760 (Mo. App. E.D. 1988) and *Carroll v. Ghidoni*, 730 S.W.2d 280, 283 (Mo. App. E.D. 1987). *Rosenblum* does not pertain to a Plaintiff seeking to escape enforcement of the acceptance of his or her settlement demand, but addressed cases where the client seeks to "disprove his own attorney's authority if the client wishes to avoid the settlement." 745 S.W.2d at 762. Here, these add nothing as no defendant is seeking to avoid the settlement.

*Carroll* is the most similar to this matter and still does not support Plaintiff's arguments. In *Carroll*, a plaintiff appealed from the trial court's order regarding compelling a settlement, and the Missouri Court of Appeals affirmed. 730 S.W.2d at 281. The plaintiff challenged defendant's attorney's authority to bind defendant to an agreement (not executed by either party). *Id.* at 283–84. The *Carroll* Court rejected plaintiff's argument and stated, "[Defendant's] lawyer did not deny he had authority to settle and [plaintiff's] lawyer did not present evidence, at the hearing on the motion to compel settlement, that he believed [defendant's] lawyer did not have authority to settle. . . [t]he course of conduct of [defendant's] lawyer shows he had authority for

---

[1] Should this Court require it, Defendant Cory Hutcheson anticipates Mr. Spradling could provide writings or an individual from MOPERM to testify to confirm Mr. Spradling had authority to accept the demand consistent with Doc. 90-3. Mr. Spradling can better address this point, as he represents, *inter alia*, MOPERM in this matter.

his actions." *Id.* at 283. Here, Mr. Spradling's course of conduct, including waiting for MOPERM to have a special meeting to discuss settlement authority on April 23, 2021, at 10:00 a.m. (Doc. 90, p. 2), followed by his letter, affirms his authority to accept a settlement offer on behalf of the MOPERM insured Defendants, including Defendant Hutcheson, in this matter. To the extent this Court is inclined to grant Plaintiff's Motion for Leave, Defendant Cory Hutcheson anticipates the need for an evidentiary hearing or to have exhibits submitted for an *in camera* review which will support Mr. Spradling's authority to act on behalf of MOPERM.

Plaintiff cites to *Aetna Cas. & Sur. Co. v. Traders Nat'l Bank & Tr. Co.,* which is also distinguishable. 514 S.W.2d 860 (Mo. App. W.D. 1974). There, it appears as though an attorney forged his client's signature on a settlement check and release and absconded with the settlement funds paid by an insurer to settle the client's personal injury claim resulting from an automobile accident. *See id.* at 862–63. The insurer sued the bank that released the funds to the attorney (apparently producing a forged signature of the client). *Id.* The bank contended the attorney had apparent authority to sign the draft on behalf of his client. *Id.* at 866–67. The Court concluded that the attorney did not inform the bank he had authority from his client regarding the settlement draft, and that there was "no basis to now claim that [the attorney] made representations sufficient to constitute apparent authority." *Id.* at 866.

*Aetna* is readily distinguishable as Mr. Spradling has explained throughout this Response; he had authority to accept Plaintiff's demand on behalf of MOPERM and Cory Hutcheson. Further, Mr. Hutcheson makes no claim that Mr. Spradling lacked authority to send the letter accepting the demand (Doc. 90-3). To the contrary, Mr. Hutcheson has authorized it. *See infra*, Section B.

### B. Fact

Plaintiff made a "demand to MOPERM" (Doc. 90-1, p. 7) for settlement on behalf of "anyone insured by MOPERM" (Doc. 90-1, p. 7). When MOPERM agreed to cover Mr. Hutcheson, based on the efforts of the undersigned, and in light of the Plaintiff's attorney's demand, MOPERM obtained the contractual right to settle the claim on behalf of Mr. Hutcheson. Contrary to Plaintiff's arguments, Mr. Hutcheson's consent was not required for any such settlement. *See* Ex. B.

Even if Cory Hutcheson was required to provide consent for the acceptance to be effective, the acceptance would be authorized because Cory Hutcheson *did* authorize it. As evidences from the language of the acceptance itself (Doc. 90-3), the undersigned undertook considerable efforts to demand coverage by MOPERM on behalf of Defendant Hutcheson. Mr. Spradling called the undersigned and advised that MOPERM was covering Mr. Hutcheson and of his intent to send the acceptance letter to Plaintiff's attorney. The undersigned, on behalf of Cory Hutcheson, authorized this, to the extent any authorization was needed.

Plaintiff has argued that Defendant Hutcheson has not supplemented his Rule 26 disclosures to reflect a change in coverage or representation. Doc. 109-1, p. 2. This is incorrect. On May 15, 2019, Defendant Cory Hutcheson supplied his initial Rule 26(a)(1) disclosures stating:

{02412867.DOCX;1}

> D.  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:
>
> RESPONSE:  AmeriTrust Group, Inc., has issued policy pertaining to the Defendant, which is available for inspection and copying upon request. This insurance policy does not constitute a waiver of Sovereign Immunity or any other governmental immunity under State or Federal Law.
>
> Defendant understands that MOPERM may also have a policy which may pertain to the subject incident. Please see documents produced or made available for production by the Co-Defendants.

[2]

To date, Defendant Cory Hutcheson is to supplement his disclosures in the event "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The April 26, 2021, letter from Mr. Spradling constitutes information "otherwise made known to Plaintiff" in compliance with Fed. R. Civ. P. 26(e)(1)(A).

## CONCLUSION

Plaintiff's attorney caused a series of events to occur based on the Plaintiff's settlement demand, including causing the undersigned's attempts to obtain coverage through MOPERM. These events contributed (to the best of the undersigned's knowledge) instigation of a discussion at a special MOPERM meeting on April 23, 2021, at 10:00 a.m. (Doc. 90, p. 2), while Mr.

---

[2] Due to the inclusion of addresses, Defendant will supply its full Rule 26 Disclosures in the event this Court requires it under seal or pursuant to Court Order. Defendant has omitted this information out of respect to the parties and witnesses, at this stage.

{02412867.DOCX;1}

Spradling was out of town. After Mr. Spradling informed the undersigned of this change of position by MOPERM, and as was approved by the undersigned, to the extent such was necessary, Mr. Spradling then sent the letter accepting the Plaintiff's demand on behalf of all MOPERM insureds, including Defendant Hutcheson (Doc. 90-3).

Should this Court grant leave for Plaintiff to file a supplemental memorandum (which Defendant respectfully requests that leave be denied), Defendant requests that it be entitled to produce evidence consistent with the above.

/s/ Robert T. Plunkert
Peter J. Dunne  #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendant Cory Hutcheson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

{02412867.DOCX;1}

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 27th day of August, 2021:

Samuel M. Wendt
Nick Hillyard
Wendt Law Firm, P.C.
4717 Grand Avenue, Suite 130
Kansas City, Missouri 64112
sam@wendtlaw.com
nick@wendtlaw.com
*Attorney for Plaintiff*

Michael G. Hoskins *pro hac vice*
Law Office of Michael G. Hoskins, P.C.
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
mgh@michaelghoskins.com
*Attorney for Plaintiff*

A.M. Spradling, III
Spradling & Spradling
1838 Broadway
P.O. Drawer 1119
Cape Girardeau, Missouri 63702
albert@spradlaw3.com
*Attorney for Defendants Mississippi County, Sally Yanez, Ryan Hill, Joe Ross, Josh Maldonado, Decota McGlothlin, and Faith Altamirano*

D. Keith Henson
Paule and Camazine, P.C.
165 N. Meramec Avenue, Suite 100
Clayton, Missouri 63105
khenson@pcblawfirm.com
*Attorney for Defendants City of Charleston, Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Hensen*

/s/ Robert T. Plunkert

9