

## AGREEMENT FOR LEGAL SERVICES

This *Agreement for Legal Services* ("Agreement") sets forth the basis upon which Wendt Law Firm, P.C. ("WLF") and the Law Offices of Michael G. Hoskins (Collectively referred to as "Attorneys") will undertake to represent the undersigned person(s) (individually and/or jointly "Client").

1. Attorneys will pursue any claim(s) arising out of the wrongful death of Tory Sanders and will attempt to collect by negotiation, settlement, or judgment money damages arising Attorneys are hereby given the exclusive right to take all steps necessary to lawfully pursue said claim(s).

2. Attorneys are hereby authorized to institute and prosecute any claim(s) and/or lawsuit(s) as it may deem proper and necessary to protect Client's interests and said claim(s) and/or lawsuit(s) may be pursued against any person(s) or entity(ies) responsible for Client's damages.

3. In consideration for these legal services, Client shall grant Attorneys, as attorneys' fees, an undivided interest in the claim(s) equal to Forty Percent **forty percent (40%)** of the gross recovery. **In the event there is no recovery, Client will pay no fee.** Client hereby grants and assigns to ("Attorneys"), to the extent permitted by law, an attorneys' lien and security interest in said claim(s).

4. All costs and/or expenses incurred by Attorneys in the handling of such claim(s) shall be deducted by Attorneys from the Client's portion of the recovery after payment of the contingent fees set forth above. Costs and/or expenses may include, but are not limited to, expert witness fees, filing fees, copy/scanning/facsimile expenses, postage, interest on any money Attorneys advance or borrow for case-related expenses, deposition costs, travel expenses, expenses incurred attending relevant seminars or hearings, rental charges for relevant equipment usage, or the like. Any applicable local jurisdictional taxes and/or fees shall be paid from Client's portion of the recovery. Client understands that from time-to-time Attorneys will utilize in-house staff and/or equipment for certain elements of litigation, such as videotaping, hand deliveries, photocopying, scanning, creation of computer graphics, or the like. Client understands and agrees that these services will be reimbursed by Client to Attorneys as expenses, in addition to attorneys' fees. Client specifically waives any potential conflict of interest related to the utilization of such in-house equipment and services. A full list of Attorneys expenses and rates is available upon request. **In the event there is no recovery, Client will not be obligated to repay litigation expenses advanced by Attorneys.**

5. It is hereby acknowledged that Attorneys have made no guarantee or warranty regarding the successful resolution of Client's claim(s) or any ultimate recovery. Although Attorneys may offer opinions about the possible results of Client's claim(s), Attorneys cannot guarantee any result or outcome. Any opinions offered are matters of opinion only, based on Attorneys' professional judgment and experience. Client further acknowledges that Client has not been paid or promised anything of value in return for Client signing this Agreement.

**EXHIBIT A**

6. Client understands that Attorneys have not completed their investigation of the facts and circumstances surrounding Client's claim(s). Client agrees that Attorneys have the right to withdraw from its representation at any time, for any reason, by mailing to Client a Notice of Intent to Withdraw at Client's last known address. Such reasons may include, but are not limited to, if the pursuit of Client's claim(s) becomes economically infeasible for Attorneys, if Client fails to cooperate in the development or prosecution of Client's claim(s), or if Client fails to keep Attorneys advised of Client's current contact information. Attorneys shall have the right to keep a copy of Client's file, at its expense.

7. Client agrees that Attorneys may, in its sole discretion, associate or assign any portion of its responsibilities, or assign its interest, to other attorneys in the prosecution of Client's claim(s). Client authorizes the sharing of Client's file materials for such purposes. Client understands that the terms of this Agreement apply to other attorneys associated with Client's claim(s). Client understands and agrees that Attorneys may share the gross attorneys' fees set forth herein with any associated attorneys, including local counsel, co-counsel, and referring counsel, or the like. Any and all attorneys with whom Attorneys associates will assume and maintain joint responsibility for clients' representation, along with Attorneys. Client understands and agrees that Attorneys and their associated counsel will share the total attorneys' fees set forth above as they agree between themselves. Client approves the participation by all associated counsel and approves of the sharing of attorneys' fees, as agreed to between the attorneys.

8. Attorneys are hereby granted a limited power of attorney, granting it full authority to prepare, sign, and file all legal instruments, pleadings, authorizations, bankruptcy claim forms, settlement/judgment checks or drafts, dismissals, and all other such papers reasonably related to Clients' representation. Client also authorizes Attorneys to reduce to possession any monies, or other things of value, due to Client under his/her claim(s) as fully as the Client could so do in person.

9. Client hereby grants Attorneys an attorneys' lien on any claim(s) that are subject to this Agreement.

10. Client further understands that current laws and regulations regarding Medicare, Medicaid, private health insurance plans, or others may require all parties involved in this matter (Client, Attorneys, Defendants, and any insurance companies) to compromise, settle, or execute a release of healthcare providers' separate claim for reimbursement/lien for past and future medical payments prior to distributing any verdict or settlement proceeds. Client understands that Client may be considered a beneficiary of an ERISA (Employee Retirement Insurance Security Act, 29 U.S.C. § 1001, *et seq.*) health insurance plan, which may have a subrogation provision allowing the ERISA Plan to secure reimbursement for any benefits paid, including payment of medical expenses. Client understands that the ERISA Plan may take legal action against Client if Client does not reimburse the Plan. Attorneys makes no agreement to honor the Plan's subrogation rights or to enforce the subrogation agreement. Client agrees that Attorneys may take all steps in this matter deemed advisable for the handling of Client's claim(s), including hiring separate experts/case workers to assist with resolving any healthcare providers' reimbursement claims or liens for past and/or future injury-related medical care. The expense of any such service shall be treated as a case expense and deducted from Client's share of any recovery. Client authorizes Attorneys to pay all medical bills, liens (including medical,

bankruptcy, workers' compensation, or the like), and expenses from Client's share of any proceeds as a result of any settlement or judgment. Client acknowledges that payment for any such liens will not come from Attorneys' share of any settlement or judgment.

11. Attorneys will maintain Client(s) file for six (6) years following the resolution of Client's matter. After that time, the file will be destroyed, without further notice to Client, pursuant to the Attorneys' document retention policy.

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and assigns where permitted by this Agreement.

13. In case any one or more of the provisions contained in this Agreement shall, for any reason, be held to be invalid, illegal, or unenforceable, such determination shall not impact any other provisions, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein. To the extent any provision of this Agreement is deemed to be contrary to any applicable rule of professional responsibility, it shall be deemed *void ab initio* (from the inception).

14. This Agreement constitutes the sole Agreement between the parties and supersedes any prior understandings or agreements, whether written or oral, between the parties concerning the subject matter of this Agreement. This Agreement shall not be modified or revoked unless by written agreement signed by the parties.

15. This Agreement will be interpreted pursuant to the laws of the State of Missouri. Any disputes arising from this Agreement or the legal services rendered by Attorneys, including attorneys' fee disputes, legal malpractice claims, claims of fraud, breach of contract, or the like, will be submitted for binding arbitration in Kansas City, Missouri under the American Arbitration Association's rules.

16. Client acknowledges that Client has read this Agreement in its entirety and that Attorneys have answered all questions of Client, if any, concerning the Agreement. Client further acknowledges that the Agreement is fair and reasonable under the circumstances.

THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

_Quinta Sanders_    3-2-2018    _[signature]_    3/2/18
Client               Date         Wendt Law Firm, P.C.   Date
                                  1100 Main Street, Ste. 2610
                                  Kansas City, MO 64105

                                  _[signature]_    3/8/18
                                  Michael G. Hoskins   Date