UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| QUINTA SANDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MISSISSIPPI COUNTY, MISSOURI, | ) | Case No. 1:18-CV-00269 |
| CITY OF CHARLESTON, MISSOURI, | ) | |
| CORY HUTCHESON, SALLY YANEZ, | ) | |
| RYAN HILL, JOE ROSS, | ) | |
| JOSH MALDONADO, | ) | |
| DECOTA MCGLOTHLIN, | ) | |
| FAITH ALTAMIRANO, | ) | |
| ROBERT HEARNES, | ) | |
| CURTIS ARNOLD, | ) | |
| ZACHARY MATNEY, and | ) | |
| AUSTIN HENSON | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF FILING QUALIFIED ASSIGNMENT AND RELEASE AGREEMENT AND SETTLEMENT AGREEMENT AND GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF TORY D. SANDER, DECEASED AGAINST ROBERT HEARNES, CURTIS ARNOLD, ZACHARY MATNEY, AUSTIN HENSON, AND THE CITY OF CHARLESTON, MISSOURI ONLY PURSUANT TO THE ORDER OF THE COURT DATED MAY 18, 2021

Plaintiff Quinta Sanders ("Plaintiff") and Defendants City of Charleston, Missouri,

Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Henson (collectively referred to

hereinafter as "the City of Charleston Defendants"), by and through counsel, hereby file this

Memorandum of Filing Qualified Assignment and Release Agreement ("Qualified Assignment")

and Settlement Agreement and General and Full Release of All Claims for the Injuries to and

Death of Tory D. Sanders, Deceased against Robert Hearnes, Curtis Arnold, Zachary Matney,

Austin Henson, and the City of Charleston, Missouri only ("Settlement Agreement") pursuant to

the Court's Order dated May 18, 2021 and state as follows:

1. On May 18, 2021, the Court entered an Order approving the purchase of annuities from the minors' distribution of the Settlement Proceeds from the settlement approved by the Court for the injuries to and the death of Tory D. Sanders, Deceased with the City of Charleston, Missouri, Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Henson only. The Order required the Plaintiff and the City of Charleston Defendants to file the executed Qualified Assignment including a "Description of Periodic Payment" for all minors upon the purchase of the annuities. Further, the Order required the Plaintiff and the City of Charleston Defendants to file the Settlement Agreement upon execution and the purchase of the annuities.

2. The annuity for each minor has been purchased from the Settlement Proceeds distributed to each minor for the purchase of the annuities from each minors' distribution of the Settlement Proceeds by the Court and the claimants have filed Receipts for the payment of the Settlement Proceeds pursuant to the Court's Order dated April 16, 2021 approving the settlement of the injuries to and death of Tory D. Sanders, Deceased between the heirs and beneficiaries of Tory D. Sanders, Deceased, and Defendants City of Charleston, Missouri, Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Henson only and the collection and distribution of the Settlement Proceeds to the heirs and beneficiaries of Tory D. Sanders, Deceased.

3. That pursuant to the Court's Order dated May 18, 2021, the executed Qualified Assignment and the executed Settlement Agreement and are attached hereto as Exhibit A and Exhibit B.

4. As originally drafted, the Qualified Assignment and the Settlement Agreement contained the full name of each minor as required by the annuity company. Plaintiff and

the City of Charleston Defendants have removed the full names of each minor from the Qualified Assignment and the Settlement Agreement and have inserted the initials of each minor so the Qualified Assignment and the Settlement Agreement could be filed of record with the Court. The original Qualified Assignment and Settlement Agreement containing the full names of the minors have been maintained in the file of the Plaintiff's attorney and the City of Charleston Defendants' attorney's file and have been provided to the annuity company.

Respectfully submitted,

**WENDT LAW FIRM, P.C.**

By:/s/ Samuel M. Wendt
Samuel M. Wendt MO#53573
Nick Hillyard MO#57538
4717 Grand Ave., Ste. 130
Kansas City, MO 64112
Phone: (816) 531-4415
Fax: (816) 531-2507
E-mail: sam@wendtlaw.com
E-mail: nick@wendtlaw.com

and

**LAW OFFICE OF MICHAEL G. HOSKINS, P.C.**

By:/s/ Michael G. Hoskins
Michael G. Hoskins, *pro hac vice*
3200 West End Avenue, Suite 500
Nashville, TN 37203
Phone: (615) 783 - 1757
Fax: (615) 866 - 5816
Email: mgh@michaelghoskins.com
*ATTORNEYS FOR PLAINTIFF*
*QUINTA SANDERS*

and

**PAULE, CAMAZINE & BLUMENTHAL, P.C.**

By:/s/ D. Keith Henson
D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO  63105
Telephone: (314) 727-2266
Facsimile:  (314) 727-2101
E-mail: khenson@pcblawfirm.com
*ATTORNEY FOR CITY OF*
*CHARLESTON DEFENDANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attorney whose name appears above signed the original of this pleading and that true and correct copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system and sent via First Class U.S. Mail this _14th_ day of January 2022 to:

Albert M. Spradling, III
SPRADLING AND SPRADLING
P.O. Box 1119
1838 Broadway
Cape Girardeau, MO  63702-1119
albert@spradlaw3.com
*ATTORNEY FOR DEFENDANTS MISSISSIPPI COUNTY, MISSOURI, SALLY YANEZ,*
*RYAN HILL, JOE ROSS, JOSH MALDONADO AND FAITH ALTAMIRANO*

Peter J. Dunne #31482MO
Robert T. Plunkert #62064MO
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com
*ATTORNEYS FOR DEFENDANT CORY HUTCHESON*

Lisa S. Hoppenjans
WASHINGTON UNIVERSITY SCHOOL OF LAW
One Brookings Drive
Campus Box 1120
St. Louis, MO 63130
314-935-8980
Email: lhoppenjans@wustl.edu
*ATTORNEY FOR INTERVENOR POST DISPATCH, LLC*

D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO  63105
Telephone:  (314) 727-2266
Facsimile:  (314) 727-2101
khenson@pcblawfirm.com
*ATTORNEY FOR CITY OF CHARLESTON DEFENDANTS*

/s/ D. Keith Henson

DocuSign Envelope ID: A8B62989-C704-43GA-8807-1C7645C79D23

# Qualified Assignment and Release Agreement
## In Accordance With Internal Revenue Code Section 130

"Claimant(s)": D.C.B., J.T.E.C., J.A.M.C., L.C., T.D.Q.S., T.M.D.S., T.D.S., J.S., Z.S.

"Assignor":   Savers Property & Casualty Insurance Company

"Settlement Agreement":

"Assignee":   MetLife Assignment Company, Inc.

"Annuity Issuer":   Metropolitan Tower Life Insurance Company

"Effective Date":

This Qualified Assignment and Release Agreement is made and entered into as of the Effective Date by and among the undersigned parties with reference to the following facts:

A   Claimant(s) and Assignor are parties to or are otherwise subject to or entitled to receive payments under the above-referenced Settlement Agreement, under which Assignor has liability to make certain periodic payments to or for the benefit of Claimant(s) as specified or referred to in paragraph 12 of this Agreement (the "Periodic Payments"); and

B   Assignor and Assignee wish to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code").

Now, therefore, in consideration of the foregoing and for other good and valuable consideration, the parties agree as follows:

1.   **Assignment and Assumption; Release of Assignor.** Assignor hereby assigns to Assignee, and Assignee hereby accepts and assumes, all of Assignor's liability to make the Periodic Payments described in Paragraph 12. Each Claimant hereby accepts and consents to such assignment by Assignor and assumption by Assignee. Effective on the Effective Date, each Claimant hereby releases and discharges Assignor from all liability to make the Periodic Payments.

2.   **Nature of Periodic Payments.** The Periodic Payments constitute

   i.   damages (other than punitive damages), whether by suit or agreement, or

   ii.   compensation under a workers' compensation act,

   on account of personal injury or sickness in a case involving physical injury or physical sickness, within the meaning of Sections 130(c) and 104(a) of the Code.

3.   **Extent of Assignee's Liability.** Assignee's liability to make the Periodic Payments shall be no greater than the liability of Assignor immediately prior to the Effective Date. Assignee assumes no liability other than the liability to make the Periodic Payments described in Paragraph 12.

EXHIBIT

A

DocuSign Envelope ID: A6B62869-C704-436A-8807-1C7645C79D23

Assignee's liability to make the Periodic Payments shall be unaffected by any bankruptcy or insolvency of Assignor.

4.  **Qualified Funding Asset.** Assignee will fund the Periodic Payments by purchasing from Annuity Issuer a "qualified funding asset," as defined in Section 130(d) of the Code, in the form of an annuity contract (the "Annuity") issued by Annuity Issuer and providing for payments corresponding to the Periodic Payments. Assignee shall be designated as the owner of the Annuity. All rights of legal ownership and control of the Annuity shall (subject to paragraph 9 of this Agreement) be and remain vested exclusively in Assignee; provided, however, that the Annuity shall be used by Assignee to fund the Periodic Payments and shall at all times be designated by Assignee on its records as being taken into account, under Section 130 of the Code, with respect to this Agreement.  Notwithstanding anything to the contrary contained in this Agreement, neither any Claimant nor any Successor Payee shall have any rights with respect to the Annuity or the payments thereunder that would cause any amount attributable to the Annuity to be currently includible in the recipient's income or would otherwise affect the determination of when any recipient is treated as having received any payment for income tax purposes, or would otherwise prevent this Agreement from satisfying all of the conditions for a "qualified assignment" within the meaning of Section 130(c) of the Code.

5.  **Delivery of Payments.** Assignee may have Annuity Issuer send payments directly to a Claimant, or, if applicable, to a Successor Payee (as defined in paragraph 8 of this Agreement), or deliver payments by electronic funds transfer to a depository institution in the United States for credit (directly or indirectly) to an insured account in the name of such Claimant or Successor Payee. Such direction of payments under the Annuity shall not be deemed to afford the Claimant or any Successor Payee any rights of ownership or control of the Annuity. Each Claimant and any Successor Payee shall at all times keep Annuity Issuer apprised of such Claimant's or Successor Payee's current street address and telephone number and, if such Claimant or Successor Payee receives payments by electronic funds transfer, the name, address, bank identifier number (BIN) and telephone number of the applicable depository institution and the account number of the account to which the payments are to be credited.

6.  **Discharge of Liability.** The Assignee's liability to make each Periodic Payment to the Claimant or Successor Payee designated to receive such payment shall be discharged automatically at such time as a corresponding payment is made to such Claimant or Successor Payee by the Annuity Issuer.

7.  **Acceleration, Transfer of Payment Rights.** None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

    i.  Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

    ii. Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

    No Claimant or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

8.  **Beneficiaries.** Any Periodic Payments to be made after the death of any Claimant or Successor Payee shall be made to such party as shall have been designated in, or in accordance with, the Settlement Agreement or, if the Settlement Agreement does not provide for such designation, then to the party designated in conformity with this paragraph 8.  Any party so designated is referred to in this Agreement as a " Beneficiary."  If no  Beneficiary is living at the time of the death of a Claimant or

DocuSign Envelope ID: A6B62989-C704-438A-9807-1C7645C79D23

Successor Payee, payment shall be made to the decedent's estate.  As used in this agreement the term "Successor Payee" refers to a Beneficiary or an estate that has become entitled to receive Periodic Payments following the death of a Claimant or a Successor Payee. Except as otherwise provided in the Settlement Agreement, no designation or change of designation of a Beneficiary shall be effective unless such change (i) is requested in a written request submitted to Assignee (or its authorized agent) in accordance with Assignee's customary procedures for processing such requests; and (ii) is confirmed by Assignee (or its authorized agent).  Except for a designation that is expressly identified in the Settlement Agreement as irrevocable, any designation of a Beneficiary shall be deemed to be revocable; and no party that is designated as a Beneficiary (other than a party irrevocably designated as a Beneficiary in the Settlement Agreement) shall, solely by virtue of its designation as a Beneficiary, be deemed to have any cognizable interest in any Periodic Payments.

9. **Failure to Satisfy Section 130(c).** If at any time prior to completion of the Periodic Payments, the Settlement Agreement is declared terminated in a final, non-appealable order of a court of competent jurisdiction (or in the case of a workers' compensation settlement, a final order of the applicable workers' compensation authority) or if it is determined in any such final order that the requirements of Section 130(c) of the Code have not been satisfied in connection with this Agreement: (i) the assignment by Assignor to Assignee of the liability to make the Periodic Payments, Assignee's acceptance of such assignment and the release by Claimant(s) of Assignor's liability shall be of no force or effect; (ii) Assignee shall be conclusively deemed to be acting as the agent of Assignor; (iii) the Annuity shall be owned by Assignor, which shall retain the liability to make the Periodic Payments; (iv) Assignee shall have no liability to make any Periodic Payments; and (v) the parties hereto agree to cooperate in taking such actions as may be necessary or appropriate to implement the foregoing.

10. **Governing Law; Disclosure of Certain Tax Information; Binding Effect.**

    (i) This Agreement shall be governed by and interpreted in accordance with the internal laws of the State of DE provided, however, that any Transfer of Payment Rights under this Agreement may be subject to the laws of other states in addition to the state specified above.

    (ii) This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, including without limitation any party asserting an interest in Payment Rights.

11. **Advice, Comprehension of Agreement.** In entering into this Agreement, each Claimant represents and warrants that (i) such Claimant has relied solely upon the legal and tax advice of such Claimant's own attorneys and other advisors, who are the attorneys and advisors of such Claimant's choice, concerning the legal and income tax consequences of this Agreement; and (ii) the terms of this Agreement have been completely read by and explained to such Claimant and are fully understood and voluntarily accepted by such Claimant.

12. **Description of Periodic Payments.** The Periodic Payments are as set forth immediately below or (if not set forth below) as set forth in attached Addendum No. 1, which is hereby incorporated in and made a part of this Agreement.

**Description of Periodic Payments:**

Description of Periodic Payments or See Addendum No. 1

MetLife QAR Revised 04/2017

DocuSign Envelope ID: A6B62989-C704-436A-8807-1C7645C79D23

# Addendum No. 1
## Description of Periodic Payments

Periodic Payments, Payable to _D.C.B_ ("Payee"):
$34,711.27    Guaranteed lump sum, payable on 03/04/2034.

Periodic Payments, Payable to _J.T.E.C._ ("Payee"):
$33,413.96    Guaranteed lump sum, payable on 11/20/2032.

Periodic Payments, Payable to _J.A.M.C._ ("Payee"):
$30,108.89    Guaranteed lump sum, payable on 03/14/2029.

Periodic Payments, Payable to _L.C._ ("Payee"):
$36,766.73    Guaranteed lump sum, payable on 01/12/2036.

Periodic Payments, Payable to _T.D.Q.S._ ("Payee"):
$30,840.58    Guaranteed lump sum, payable on 01/27/2030.

Periodic Payments, Payable to _T.M.D.S._ ("Payee"):
$31,788.79    Guaranteed lump sum, payable on 02/13/2031.

Periodic Payments, Payable to _T.D.S._ ("Payee"):
$29,826.24    Guaranteed lump sum, payable on 11/06/2028.

Periodic Payments, Payable to _J.S._ ("Payee"):
$33,985.57    Guaranteed lump sum, payable on 06/19/2033.

Periodic Payments, Payable to _Z.S._ ("Payee"):
$35,280.63    Guaranteed lump sum, payable on 09/17/2034.

Initials

Assignor:

Assignee:

Claimant(s):    Claimant(s):

Claimant(s):    Claimant(s):

Claimant-Attorney:    Claimant-Attorney:

MetLife QAR Revised 04/2017

DocuSign Envelope ID: A6B52989-C704-436A-8807-1C7645C79D23

This Qualified Assignment and Release Agreement is signed in one or more counterparts as of the Effective Date by the following:

Assignor: <u>Savers Property & Casualty Insurance Company</u>

Assignee: <u>MetLife Assignment Company, Inc.</u>

By: _Keith Hutchins_
      Authorized Representative

By: _____
        Authorized Representative

Title: Complex Claims Manager

Title: _____

---

Claimant(s): D.C.B AND T.D.S

Signature _____
Summer Lea Barrett as next friend of **T.D.S.**
and **D.C.B.** minor children.

Approved as to Form and Content:
_____
Claimant's Attorney

---

Claimant(s): T. M. D.S.

Signature _Quinta Sanders_
Quinta Sanders as next friend of " T. M. D.S
, minor children.

Approved as to Form and Content:
_____
Claimant's Attorney

---

Claimant(s): J.A.M.C., T.D.Q.S., J.T.E.C., AND L.C.

Signature: _Jocelyn Cox_
Jocelyn Cox, as next friend of J, A.M.C.,
T.D.Q.S, J.T.E.C, AND
L.C. minor children.

Approved as to Form and Content:
_____
Claimant's Attorney

---

Claimant(s): J.S. AND Z.S.

Signature: _Dreama Smith_
Dreama Smith, as next friend of J.S. AND Z.S.
, minor children.

Approved as to Form and Content:
_____
Claimant's Attorney

DocuSign
SECURED

# Certificate Of Completion

Envelope Id: A8B52989C704436A88071C7645C79D23
Subject: Please DocuSign: Claim Number GL2018002092 Sanders, Estate - QAR MET revised.pdf
Source Envelope:

| | | |
|---|---|---|
| Document Pages: 5 | Signatures: 1 | Status: Completed |
| Certificate Pages: 5 | Initials: 1 | |
| AutoNav: Enabled | | Envelope Originator: |
| EnvelopeId Stamping: Enabled | | Carolyn Brock |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | cbrock@jcrsettlements.com |
| | | IP Address: 70.133.222.215 |

## Record Tracking

| Status: Original | Holder: Carolyn Brock | Location: DocuSign |
|---|---|---|
| 4/30/2021 5:50:03 AM | cbrock@jcrsettlements.com | |

## Signer Events

| Signer Events | Signature | Timestamp |
|---|---|---|
| Keith Hutchins | | Sent: 4/30/2021 5:55:26 AM |
| Keith.Hutchins@ameritrustgroup.com | *DocuSigned by:* Keith Hutchins | Viewed: 4/30/2021 5:59:24 AM |
| Complex Claims Manager | 4779768D23808414 | Signed: 4/30/2021 6:00:44 AM |
| Security Level: Email, Account Authentication (None) | | |
| | Signature Adoption: Pre-selected Style Using IP Address: 4.78.223.138 | |

Electronic Record and Signature Disclosure:
  Accepted: 4/30/2021 5:59:24 AM
  ID: 0ebab7c0-f24e-4685-8f19-5603982d5172

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Chad Eitmueller | **COPIED** | Sent: 4/30/2021 5:55:27 AM |
| ceitmueller@jcrsettlements.com | | Viewed: 4/30/2021 6:01:39 AM |
| Security Level: Email, Account Authentication (None) | | |

Electronic Record and Signature Disclosure:
  Not Offered via DocuSign

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

## Envelope Summary Events

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 4/30/2021 5:55:27 AM |
| Certified Delivered | Security Checked | 4/30/2021 5:59:24 AM |
| Signing Complete | Security Checked | 4/30/2021 6:00:44 AM |
| Completed | Security Checked | 4/30/2021 6:00:44 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

## SETTLEMENT AGREEMENT AND GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF TORY D. SANDERS, DECEASED AGAINST ROBERT HEARNES, CURTIS ARNOLD, ZACHARY MATNEY, AUSTIN HENSON, AND CITY OF CHARLESTON, MISSOURI ONLY

This **Settlement Agreement and General and Full Release of All Claims For the Injuries to and Death of Tory D. Sanders, deceased Against Robert Hearnes, Curtis Arnold, Zachary Matney, Austin Henson, and City of Charleston, Missouri Only** (the "Settlement Agreement") is entered into on this _28ᵗʰ_ day of _MAY_ , 2021 by and between:

Claimants:    Quinta Sanders, as Next Friend of T.M.D.S., a minor child;

Summer Lea Barrett, as Next Friend of T.D.S. and D.C.B., minor children;

Jocelyn Cox, as Next Friend of J.A.M.C., T.D.Q.S., J.T.E.C. and L.C., minor children; and

Dreama Smith, as Next Friend of J.S. and Z.S., minor children;

(Each a "Claimant" and collectively the "Claimants")

Defendants:   Robert Hearnes, individually and in his official capacity as Director of Public Safety and Chief of Police for the City of Charleston, Missouri, Curtis Arnold, individually and in his official capacity as a police officer for the City of Charleston, Missouri, Zachary Matney, individually and in his official capacity as a police officer for the City of Charleston, Missouri, Austin Henson, individually and in his official capacity as a police officer for the City of Charleston, Missouri, City of Charleston, Missouri and all past, present and future servants, employees, elected officials, appointed officials, City Councilpersons, Mayors, City Administrators, City Clerks, attorneys, Chiefs of Police, police officers, and representatives of the City of Charleston, Missouri (collectively referred to herein as the "City of Charleston Defendants");

Insurer:       Savers Property & Casualty Insurance Company (referred to herein as the "Insurer").



EXHIBIT

## RECITALS

A.     Each Claimant, by and through their respective Next Friend, has asserted claims for damages against the City of Charleston Defendants arising out of the injuries to and death of Tory D. Sanders on May 5, 2017 as a direct or indirect result of the alleged acts or omissions of the Defendants arising out of the detention of Tory D. Sanders by officers for the City of Charleston, Missouri on May 5, 2017, the incarceration of Tory D. Sanders in the Mississippi County Detention Center on May 5, 2017 in Mississippi County, Missouri and the injuries to and death of Tory D. Sanders, deceased in the Mississippi County Detention Center on May 5, 2017 (collectively the "Occurrence") which include claims for violations of Missouri state law, including negligence, false imprisonment, assault and battery, and false arrest, for wrongful death under §537.080 and §537.090 RSMo. (2016), for actual and punitive damages, for damages for aggravating circumstances, for the use of excessive force, for failure to intervene, for survivorship damages under Missouri law and §537.010, §537.020 and §537.021 RSMo. (2016) for injuries to and death of Tory D. Sanders, deceased, for bodily and personal injury to Tory D. Sanders, deceased, for violation of the Constitutional rights of Tory D. Sanders under the United States Constitution pursuant to 42 U.S.C. §1983, §1985, §1988, and the Fifth, Eighth, Fourth and Fourteenth Amendments, and for violation of other state and federal laws, including the U.S. and Missouri Constitutions, as a result of the Occurrence on May 5, 2017 as is more specifically alleged in the Complaint filed in the lawsuit styled <u>Quinta Sanders, Plaintiff v. Mississippi County, Missouri, City of Charleston, Missouri, Cory Hutcheson, Sally Yanez, Ryan Hill, Joe Ross, Josh Maldonado, Decota McGlothlin, Faith Altamirano, Robert Hearnes, Curtis Arnold, Zachary Matney and Austin Henson, Defendants</u> pending in the United States District Court for the Eastern District of Missouri, Southeastern Division, Case No. 1:18-CV-00269-ACL (the "Action").   The City of Charleston Defendants have generally and specifically denied all claims of the Claimants for the injuries to and death of Tory D. Sanders, deceased, on May 5, 2017 in Mississippi County, Missouri alleged in the Action and otherwise.

B.     Each Claimant has asserted claims against the City of Charleston Defendants to recover damages for personal and physical injury or physical sickness allegedly sustained as a consequence of the alleged acts or omissions of the City of Charleston Defendants in connection with the Occurrence and the injuries to and death of Tory D. Sanders, deceased, on May 5, 2017.

C.     Savers Property and Casualty Insurance Company is the liability insurer of the City of Charleston Defendants and as such, would, subject to all terms and conditions of the Insurer's policy, be obligated to pay any judgment obtained against the City of Charleston Defendants in the Action which is covered by the policy of insurance.

D.     The Claimants, City of Charleston Defendants, and Insurer desire to enter into this Settlement Agreement upon the terms in this Settlement Agreement as hereinafter set forth with no admission of liability, fault, wrongdoing, or otherwise by the City of Charleston Defendants in order to provide for certain payments in full settlement and discharge of all claims of the Claimants against the City of Charleston Defendants only arising from or

relating to the Occurrence and the injuries to and death of Tory D. Sanders, deceased, on May 5, 2017 upon the terms and conditions set forth herein.

E.      This Settlement Agreement and Release contained herein does not release or discharge any claims of the Claimants arising out of the Occurrence and the injuries to and death of Tory D. Sanders, against Mississippi County, Missouri, Corey Hutcheson, Sally Yanez, Ryan Hill, Joe Ross, Josh Maldonado, Decota McGlothlin, and Faith Altamirano ("Mississippi County Defendants") as are asserted or could be asserted in the Action with all claims of the Claimants in the Action against the Mississippi County Defendants being reserved, preserved, and remain pending in the Action.  With respect to Insurer's Insurance policy, with policy number CP0751769, issued to the City of Charleston as the named insured, which is funding this settlement, this settlement between the City of Charleston Defendants and Claimants has no impact on insurance coverage, or lack of insurance coverage, potentially available to the Mississippi County Defendants for the alleged acts or omissions complained of in the Action apart from reducing the applicable limits of that policy by the amount of the Settlement Consideration ("$500,000.00") paid in the settlement to the Claimants and to the other Class 1 Beneficiaries of Tory D. Sanders pursuant to the Order of the Court approving the settlement for the injuries to and death of Tory D. Sanders, deceased and the distribution of the Settlement Consideration to the heirs and beneficiaries of Tory D. Sanders, deceased entered on the 16th day of April, 2021 in the Action, and incorporated herein by reference.

F.      This Settlement Agreement is entered into by and among the Parties pursuant to the Order of the Court approving the settlement for the injuries to and death of Tory D. Sanders, deceased and the distribution of the Settlement Proceeds to the heirs and beneficiaries of Tory D. Sanders, deceased entered on the 16th day of April, 2021 in the Action and the Order of the Court approving the purchase of annuities from the Minors' distribution of the Settlement Proceeds from the settlement approved by the Court for the injuries to and death of Tory D. Sanders, deceased entered on the 18th day of May, 2021 in the Action, and incorporated herein by reference.

## AGREEMENT

The parties agree as follows:

### 1.      General and Full Release and Discharge of All Claims:

In consideration of the payments set forth in Section 2, each Claimant by and through their respective Next Friend, hereby completely releases, acquits and forever discharges the City of Charleston Defendants, as defined above, from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, survival rights, damages, costs, expenses, economic and non-economic damages, claims for conscious pain and suffering of Tory D. Sanders, deceased, claims for personal injury to Tory D. Sanders, deceased, claims

for damages for the injuries to and death of Tory D. Sanders, deceased, as allowed by §537.080 (2016) et seq. and specifically §537.090 RSMo. (2016), claims for survivorship damages under Missouri law and §537.010, §537.020, §537.021 §537.080, and §537.090 RSMo. (2016), claims for pecuniary losses caused by reason of the death of Tory D. Sanders, deceased, claims for the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counseling, training, support, and society lost by reason of the injuries to and death of Tory D. Sanders, deceased, all claims under Missouri and federal law for damages arising out of the injuries to and death of Tory D. Sanders, deceased, all claims for damages under the Missouri and U.S. Constitutions arising out of the detention of Tory D. Sanders, deceased in the Mississippi County Detention Center, claims for false arrest and false imprisonment, all claims asserted in the Action, claims for negligence, claims for actual and punitive damages, claims for damages for aggravating circumstances, claims for attorney fees, claims for constitutional violations including claims under 42 U.S.C. §1983, §1985, §1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, claims for the use of excessive force, claims for conspiracy to violate constitutional rights and other rights, claims for failure to intervene, claims for assault and battery, compensation of any nature whatsoever, whether based in tort, contract or other theory of recovery, and all other claims for violations of any state, federal, and common law which each Claimant now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way arising out of the detention of Tory D. Sanders on May 5, 2017, the detention of Tory D. Sanders in the Mississippi County Detention Center on May 5, 2017, the death of Tory D. Sanders on May 5, 2017, the incidents described in the Action and in Recital A. above and the injuries to and death of Tory D. Sanders, deceased, on May 5, 2017, including, without limitation, any and all known and unknown claims for bodily and personal injuries to Tory D. Sanders, deceased, the injuries to and death of Tory D. Sanders, deceased, or any resulting injuries and damages to Claimants arising out of the injury to and death of Tory D. Sanders, deceased, on May 5, 2017, or any future injury and death claim of each Claimant's representatives or heirs, which have resulted or may result from the alleged acts or omissions of the City of Charleston Defendants as are alleged in the Action, or that could have been alleged in the Action, that allegedly caused injuries to and death of Tory D. Sanders, deceased.

This General and Full Release and Discharge of all Claims shall also apply to the City of Charleston Defendants' past, present and future attorneys, servants, representatives, employees, predecessors and successors in interest, elected officials, appointed officials, city councilpersons, mayors, city administrators, city clerks, chiefs of police, police officers, representatives of the City of Charleston, Missouri, heirs, personal representatives, and estates.

This General and Full Release and Discharge of All Claims, on the part of the Claimants, and each of them, shall be a fully binding and a complete settlement among the Claimants, the City of Charleston Defendants, and their heirs, personal representatives, estates, assigns and successors.

The Claimants, and each of their Next Friends, acknowledge and agree that this release and discharge set forth above is a General and Full Release and Discharge of All Claims of each Claimant against the City of Charleston Defendants for the injuries to and death of Tory D. Sanders, deceased, on May 5, 2017 as is more specifically alleged in the Action or that could have been alleged in the Action.  Each Claimant expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which each Claimant does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect each Claimant's decision to enter into this Settlement Agreement.  Each Claimant further agrees that each of them has accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact.  Each Claimant assumes the risk that the facts or law may be other than Claimants believe.  It is understood and agreed to by the Parties that this settlement is a compromise of disputed claims, and the payments are not to be construed as an admission of liability on the part of the City of Charleston Defendants, with each City of Charleston Defendant expressly denying liability for any claim asserted in the Action and any claim arising out of the injuries to and death of Tory D. Sanders, deceased, as a result of the detention of Tory D. Sanders on May 5, 2017, the detention of Tory D. Sanders in the Mississippi County Detention Center on May 5, 2017, and the injuries to and death of Tory D. Sanders on May 5, 2017 in Mississippi County, Missouri at the Mississippi County Detention Center.

It is expressly warranted by each Claimant that no other person or entity has asserted or is able to assert any lien, claim or entitlement to any portion of the payments and consideration paid herein.  Each Claimant further expressly agrees to indemnify and hold harmless each City of Charleston Defendant, Insurer, and their past, present, and future officers, directors, stockholders, attorneys, attorney-in-fact, servants, representatives, employees, subsidiaries, affiliates, parent entities, independent contractors, partners, predecessors and successors in interest, assigns, heirs, beneficiaries, elected officials, appointed officials, city councilpersons, mayors, city administrators, city clerks, chiefs of police, police officers, and representatives of the City of Charleston, Missouri from any lien, claim or entitlement to any portion of the payments and consideration paid herein for this Release which may be asserted against any of them by any person, firm, or corporation purporting to act on behalf of Claimants or as a creditor of Claimants, if such claim arises from the Occurrence and any claim alleged in the Action.

The Claimants acknowledge and warrant that the settlement described herein and the payment of the consideration in Section 2 releases and discharges all claims of each minor child Claimant for injuries to and death of Tory D. Sanders, deceased against the City of Charleston Defendants as are alleged in the Action or that could have been alleged in the Action, and that the settlement described herein forecloses all rights of each minor child Claimant to assert any claims against the City of Charleston Defendants on their own behalf for the injuries to and the death of Tory D. Sanders, deceased, upon each minor Claimant reaching the age of majority.

Each Claimant acknowledges that this settlement with the City of Charleston Defendants is a good faith settlement and that this Settlement Agreement is given in good faith to the City of Charleston Defendants who could be liable for the injuries and damages for the injuries to and death of Tory D. Sanders, deceased claimed in the Action pursuant to §537.060 RSMo. (2016) and that it is the intent of the Parties that the City of Charleston Defendants be discharged and released from liability for contribution and non-contractual liability to any other person, firm, entity, and corporation for any claim asserted in the Action or that could have been asserted in the Action for the injuries to and death of Tory D. Sanders, deceased pursuant to §537.060 RSMo. (2016).

Each Claimant acknowledges and agrees that this settlement with the City of Charleston Defendants is being funded by the Insurer and that the release and discharge set forth above is a General and Full Release and Discharge of All Claims of each Claimant against the Insurer, and its past, present, and future officers, directors, stockholders, attorneys, attorneys-in-fact, employees, servants, representatives, parent entities, subsidiaries, affiliates, partners, assigns, and predecessors and successors in interest for all claims asserted by Plaintiff Quinta Sanders for and on behalf of each Claimant or that could have been asserted by Quinta Sanders for and on behalf of each Claimant in the Action against the City of Charleston Defendants for the injuries to and death of Tory D. Sanders, deceased, on May 5, 2017 and all other claims against the City of Charleston Defendants arising out of the injuries to and death of Tory D. Sanders, deceased.

2. <u>**Payments:**</u>

In consideration of the release set forth above, the Insurer on behalf of the City of Charleston Defendants agrees to pay the sums outlined below:

**CASH**:

Within 10 days after the signing of this Settlement Agreement, the Claimants and their attorneys will be paid the following sums:

1) **Quinta Sanders, as Next Friend of T.M.D.S., a minor child, the sum of $18,809.46 for the payment of attorney fees to Wendt Law Firm, P.C. and the Law Office of Michael G. Hoskins, P.C. and funeral expenses to Quinta Sanders;**
2) **Summer Lea Barrett, as Next Friend of T.D.S. and D.C.B., minor children, the sum of $37,618.92 for the payment of attorney fees to Wendt Law Firm, P.C. and the Law Office of Michael G. Hoskins, P.C. and funeral expenses to Quinta Sanders;**
3) **Jocelyn Cox, as Next Friend of J.A.M.C., T.D.Q.S., J.T.E.C. and L.C., minor children, the sum of $75,237.81 for the payment of attorney fees to Wendt Law Firm, P.C. and the Law Office of Michael G. Hoskins, P.C. and funeral expenses to Quinta Sanders; and**

4) Dreama Smith, as Next Friend of J.S. and Z.S., minor children, the sum of $37,618.90 for the payment of attorney fees to Wendt Law Firm, P.C. and the Law Office of Michael G. Hoskins, P.C. and funeral expenses to Quinta Sanders.

SUMMARY FOR FUTURE BENEFITS:

A current cost of <u>$239,805.81</u>, payable to MetLife Assignment Company, Inc., to fund the future periodic payments as described, below:

I. <u>Periodic Payment, Payable to D.C.B. ("Payee"):</u>
$34,711.27    Guaranteed lump sum, payable on 03/04/2034.

II. <u>Periodic Payment, Payable to J.T.E.C. ("Payee"):</u>
$33,413.96    Guaranteed lump sum, payable on 11/20/2032.

III. <u>Periodic Payment, Payable to J.A.M.C. ("Payee"):</u>
$30,108.89    Guaranteed lump sum, payable on 03/14/2029.

IV. <u>Periodic Payment, Payable to L.C. ("Payee"):</u>
$36,766.73    Guaranteed lump sum, payable on 01/12/2036.

V. <u>Periodic Payment, Payable to T.D.Q.S. ("Payee"):</u>
$30,840.58    Guaranteed lump sum, payable on 01/27/2030.

VI. <u>Periodic Payment, Payable to T.M.D.S. ("Payee"):</u>
$31,788.79    Guaranteed lump sum, payable on 02/13/2031.

VII. <u>Periodic Payment, Payable to T.D.S. ("Payee"):</u>
$29,826.24    Guaranteed lump sum, payable on 11/06/2028.

VIII. <u>Periodic Payment, Payable to J.S. ("Payee"):</u>
$33,985.57    Guaranteed lump sum, payable on 06/19/2033.

IX. <u>Periodic Payment, Payable to Z.S. ("Payee"):</u>
$35,280.63    Guaranteed lump sum, payable on 09/17/2034.

(The total present cost of each payee/minor's annuity is $26,645.09).

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of §104(a) (2) of the Internal Revenue Code of 1986, as amended.

3. <u>**Claimants' Rights to Payments:**</u>

Each Claimant acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by any Claimant or any Payee; nor shall any

Claimant or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

4. **Payees' Beneficiary:**

Any payment to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to the Estate of Payee, unless otherwise Court ordered, until the age of majority.  Upon reaching the age of majority, a Payee may designate such person or entity in writing to the Insurer or the Insurer's Assignee.  If no such person or entity is so designated by a Payee, or if the person designated is not living at the time of a Payee's, such payment shall be made to the Estate of the Payee.  No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer or the Insurer's Assignee.  The designation must be in a form acceptable to the Insurer or the Insurer's Assignee before such payments are made.

5. **Consent to Qualified Assignment:**

Each Claimant acknowledges and agrees that the City of Charleston Defendants and/or the Insurer may make a qualified assignment, within the meaning of §130(c) of the Internal Revenue code of 1986, as amended, of the City of Charleston Defendants' and/or the Insurer's liability to make the Periodic Payments set forth in Section 2 <u>Summary For Future Benefits</u> to **MetLife Assignment Company, Inc. (the "Assignee")**.  The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the City of Charleston Defendants and/or the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

Any such assignment, if made, shall be accepted by each Claimant without right of rejection and shall completely release and discharge the City of Charleston Defendants and the Insurer from the Periodic Payments obligation assigned to the Assignee.  Each Claimant recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all the other releases with respect to the Periodic Payments obligation that pertain to the liability of the City of Charleston Defendants and the Insurer shall thereupon become final, irrevocable and absolute.

6. **Right to Purchase an Annuity:**

The City of Charleston Defendants and/or the Insurer, themselves or through their Assignee, reserve the right to fund the liability to make the Periodic Payments in Section 2 <u>Summary For Future Benefits</u> through the purchase of an annuity policy from **Metropolitan Tower Life Insurance Company (the "Annuity Issuer")**.  The City of Charleston Defendants, the Insurer or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership.  The City of Charleston Defendants, the Insurer or the Assignee may have the Annuity Issuer mail such

periodic payments directly to each Payee, who shall be responsible for maintaining a current mailing address with the Annuity Issuer.

7.    **Discharge of Obligations:**

The discharge of the obligations of the Assignee to make each Periodic Payment described herein, if by check, shall occur upon the mailing of a valid check, on or before the due date, in the amount due to each Payee's address as shown in the Assignee's records, or, if by Electronic Funds Transfer (EFT), upon the electronic transferring of such payment, on or before the due date, to each Payee's bank account as shown in the Assignee's records.  In the event the check is not received, upon proper notification, Annuity Issuer will initiate stop payment procedures.  Upon confirmation that the check was not cashed and stop payment effected, Annuity Issuer will reissue a replacement check.

8.    **Attorneys' Fees:**

Each party hereto shall bear and be responsible to pay all attorneys' fees and costs arising from the actions of its counsel retained by that party in connection with the claims, the Occurrence, this Settlement Agreement, the Action, and the matters and documents referred to herein.

9.    **Representation of Comprehension of Documents:**

In entering into this Settlement Agreement, each Claimant represents that each of them have relied upon the advice of Claimants' attorneys, who are the attorneys of each Claimant's own choice, concerning legal and income tax consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to each Claimant by their attorneys; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by each Claimant.

10.    **Warranty of Capacity to Execute Agreement:**

Each Claimant represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of actions referred to in this Settlement Agreement, except as otherwise set forth herein; and that each Claimant has the sole right and exclusive authority to execute this Settlement Agreement and receive the sum specified in it; and that Claimants have not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

11.    **All Counterparts Together Shall Constitute One Agreement:**

The Claimants, City of Charleston Defendants, and Insurer acknowledge and agree that this Settlement Agreement may be executed in one or more counterparts, each

of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and that the Settlement Agreement may be executed by facsimile and/or electronic signature, which shall have the same force and effect as an original signature of a Claimant, City of Charleston Defendant, and Insurer.

**12.** **Governing Law:**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Missouri.

**13.** **Additional Documents:**

All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

**14.** **Entire Agreement and Successors in Interest:**

This Settlement Agreement contains the entire agreement between the Claimants, the City of Charleston Defendants, and the Insurer with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

**15.** **Effectiveness:**

This Settlement Agreement shall become effective following execution by all Parties.

**16.** **Approval of the Settlement by the Court:**

This Settlement Agreement is being executed pursuant to the Order of the United States District Court for the Eastern District of Missouri, Southeastern Division dated April 16, 2021 filed in Case No. 1:18-CV-00269-ACL approving the settlement for the injuries to and death of Tory D. Sanders, deceased, the distribution of the settlement proceeds to the heirs and beneficiaries of Tory D. Sanders, deceased, and the settlement of the claims of the Claimants, by and through their Next Friends, from the settlement approved by the Court and the  Order of the Court Approving the purchase of annuities from the Minors' distribution of the Settlement Proceeds from the Settlement Approved by the Court For the Injuries to and Death of Tory D. Sanders, deceased dated May 18, 2021 filed in Case No. 1:18-CV-00269-ACL.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Settlement Agreement in multiple originals.

Claimants J.A.M.C., T.O. Q.S.,
J.T.E.C., AND L.C.,
                                                    minor
children, by and through Jocelyn Cox, as Next
Friend of J.A.M.C., T.D. Q.S.,
J.T.E.C., AND L.C.,
                                                    minor
children

DATE 5/26/21          By: _____
                      Jocelyn Cox, as Next Friend of
                      J.A.M.C., T.O.Q.S., J.T.E.C.,
                      AND L.C.,
                                 minor children

STATE OF Tennessee      )
                        ) ss.
COUNTY OF Davidson      )

On this 26th day of May, 2021, before me personally appeared Jocelyn
Cox, as the Next Friend of J.A.M.C., T.O.Q.S., J.T.E.C, AND
L.C., minor children, to me known to be
the individual who executed this Settlement Agreement and General and Full Release of
All Claims, for and on behalf of J.A.M.C., T.O.Q.S., J.T.E.C., AND
L.C., minor children, and acknowledged
that she fully understood the contents of this Settlement Agreement and General and Full
Release of All Claims, freely executed the same for the sole consideration therein
expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official
seal on the day and year first above written.

                      _____
                      Notary Public

My Commission expires: 9/7/21

JENNIFER B HOSKINS
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

11 of 18 pages

Claimants *T.D.S. And D.C.B*

minor children, by and through Summer Lea Barrett, as Next Friend of *T.D.S. And D.C.B.* , minor children

DATE *5/26/21*

By: _____
Summer Lea Barrett, as Next Friend of *T.D.S. And D.C.B.* minor children

STATE OF *Tennessee*        )
                            ) ss.
COUNTY OF *Davidson*        )

On this *26th* day of *May* , 2021, before me personally appeared **Summer Lea Barrett**, as the Next Friend of *T.D.S. And D.C.B.* minor children, to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of *T.D.S. And D.C.B.* minor children, and acknowledged that she fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal on the day and year first above written.

_____
Notary Public

My Commission expires: *9/7/21*

JENNIFER B HOSKINS
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

Claimant
minor, by and through Quinta Sanders, as Next
Friend of T. M. D.S.

DATE  5/4/21                    By: _Quinta Sanders_
                               Quinta Sanders, as Next Friend of
                               T. M. D. S.        a minor

STATE OF Tennessee        )
                          ) ss.
COUNTY OF Davidson        )

On this 26th day of May, 2021, before me personally appeared
**Quinta Sanders, as the Next Friend of** T. M. D.S. a minor, to
me known to be the individual who executed this Settlement Agreement and General and
Full Release of All Claims, for and on behalf of T. M. D.S a
minor, and acknowledged that she fully understood the contents of this Settlement
Agreement and General and Full Release of All Claims, freely executed the same for the
sole consideration therein expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official
seal on the day and year first above written.

                               _____
                               Notary Public

My Commission expires: 9/7/21

Claimants  J.S. And Z.S.  minor children, by and through Dreama Smith, as Next Friend of  J.S. And Z.S.  , minor children

DATE  5/26/21

By: _____
Dreama Smith, as Next Friend
and J.S and Z.S minor children

STATE OF _Tennessee_  )
                       ) ss.
COUNTY OF _Davidson_   )

On this __26th__ day of __May__, 2021, before me personally appeared Dreama Smith, as the Next Friend of  J.S. And Z.S.  minor children, to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of J.S. And Z.S. , minor children, and acknowledged that she fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal on the day and year first above written.

_____
Notary Public

My Commission expires: 9/7/21

Insurer:      **Savers Property & Casualty Insurance Company (For City of Charleston Defendants)**

Dated: _5/28/2021_          By: _____
                                 Keith Hutchins

                                 Title: _Complex Claims Manager_

STATE OF _Texas_          )
                          ) ss.
COUNTY OF _Bell_          )

On this _28_ day of _May_, 2021, before me personally appeared **Keith Hutchins**, Complex Claims Manager for **Savers Property & Casualty Insurance Company**, to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of **Savers Property & Casualty Insurance Company and the City of Charleston Defendants**, and acknowledged that he fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of the attorney for City of Charleston Defendants.

    **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal on the day and year first above written.

                    _____
                    Notary Public

My Commission expires: _12/07/2021_

APPROVED AS TO FORM AND CONTENT:

WENDT LAW FIRM, P.C.

By:_____
Samuel M. Wendt, #53573MO
1100 Main Street, Suite 2610
Kansas City, MO  64105
Telephone:  (816) 531-4415
Facsimile:  (816) 531-2507
sam@wendtlaw.com
Attorney for Claimants


LAW OFFICE OF MICHAEL G. HOSKINS, P.C.

By:_____
Michael G. Hoskins
3200 West End Ave., Suite 500
Nashville, TN 37203
Telephone: 615 783-1757
Facsimile: 615 866-5816
mgh@michaelghoskins.com
Attorney for Claimants


PAULE, CAMAZINE & BLUMENTHAL, P.C.

*A Professional Corporation*

By:_____
D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO  63105
Telephone:  (314) 727-2266
Facsimile:  (314) 727-2101
khenson@pcblawfirm.com
Attorney for City of Charleston Defendants