UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| QUINTA SANDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MISSISSIPPI COUNTY, MISSOURI, | ) | Case No. 1:18-CV-00269 |
| CITY OF CHARLESTON, MISSOURI, | ) | |
| CORY HUTCHESON, SALLY YANEZ, | ) | |
| RYAN HILL, JOE ROSS, | ) | |
| JOSH MALDONADO, | ) | |
| DECOTA MCGLOTHLIN, | ) | |
| FAITH ALTAMIRANO, | ) | |
| ROBERT HEARNES, | ) | |
| CURTIS ARNOLD, | ) | |
| ZACHARY MATNEY, and | ) | |
| AUSTIN HENSON | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF FILING REVISED QUALIFIED ASSIGNMENT AND RELEASE
AGREEMENT AND ADDENDUM TO SETTLEMENT AGREEMENT AND GENERAL
AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF
TORY D. SANDERS, DECEASED AGAINST ROBERT HEARNES, CURTIS ARNOLD,
ZACHARY MATNEY, AUSTIN HENSON, AND THE CITY OF CHARLESTON,
MISSOURI ONLY PURSUANT TO THE ORDER OF THE COURT DATED
FEBRUARY 25, 2022**

Plaintiff Quinta Sanders ("Plaintiff") and Defendants City of Charleston, Missouri,

Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Henson (collectively referred to

hereinafter as "the City of Charleston Defendants"), by and through counsel, hereby file this

Memorandum of Filing Revised Qualified Assignment and Release Agreement ("Revised

Qualified Assignment") and Addendum to Settlement Agreement and General and Full Release

of All Claims for the Injuries to and Death of Tory D. Sanders, Deceased against Robert

Hearnes, Curtis Arnold, Zachary Matney, Austin Henson, and the City of Charleston, Missouri

1

only ("Addendum to Settlement Agreement") pursuant to the Court's Order dated February 25, 2022 and state as follows:

1.   On May 18, 2021, the Court entered an Order approving the purchase of annuities from the minors' distribution of the Settlement Proceeds from the settlement approved by the Court for the injuries to and the death of Tory D. Sanders, Deceased with the City of Charleston, Missouri, Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Henson only. The Order required the Plaintiff and the City of Charleston Defendants to file the executed Qualified Assignment including a "Description of Periodic Payment" for all minors upon the purchase of the annuities. Further, the Order required the Plaintiff and the City of Charleston Defendants to file the Settlement Agreement upon execution and the purchase of the annuities. The executed Qualified Assignment and the executed Settlement Agreement was filed herein on January 14, 2022 (Doc. No. 128).

2.   The annuity for each minor was purchased from the Settlement Proceeds distributed to each minor for the purchase of the annuities from each minors' distribution of the Settlement Proceeds by the Court and the claimants have filed Receipts for the payment of the Settlement Proceeds pursuant to the Court's Order dated April 16, 2021 approving the settlement of the injuries to and death of Tory D. Sanders, Deceased between the heirs and beneficiaries of Tory D. Sanders, Deceased, and Defendants City of Charleston, Missouri, Robert Hearnes, Curtis Arnold, Zachary Matney, and Austin Henson only and the collection and distribution of the Settlement Proceeds to the heirs and beneficiaries of Tory D. Sanders, Deceased.

3.   After the purchase of the annuities, a DNA test was performed to determine whether Minor L.C. was related to the Plaintiff with that confirming that the Minor Child L.C. was

not related to the Plaintiff and therefore was not the daughter of Tory D. Sanders, deceased and was not an heir and beneficiary of Tory D. Sanders, deceased. Upon learning this information, the Plaintiff and the City of Charleston Defendants filed a Joint Motion for an Order Vacating the Order Approving the Purchase of an Annuity for Minor L.C. dated May 18, 2021, Rescinding and Terminating the Annuity Purchased for Minor L.C. as Required by the Order Approving the Purchase of Annuities Dated May 18, 2021 and Redistributing the Settlement Proceeds from the Rescission and Termination of the Annuity Purchased for Minor L.C. to the Heirs and Beneficiaries of Tory D. Sanders, Deceased.

4.  On February 25, 2022, the Court entered an Order Vacating the Order Approving the Purchase of an Annuity for Minor L.C. Dated May 18, 2021, Rescinding and Terminating the Annuity Purchased for Minor L.C. as Required by the Order Approving the Purchase of Annuities Dated May 18, 2021 and Redistributing the Settlement Proceeds from the Rescission and Termination of the Annuity Purchased for Minor L.C. to the Heirs and Beneficiaries of Tory D. Sanders, Deceased. Pursuant to the Order dated February 25, 2022, the Settlement Proceeds from the termination of the annuity for Minor L.C. have been redistributed to the Plaintiff and the remaining claimants in this case, and receipts for the payment of those Settlement Proceeds to the Plaintiff and the Claimants have been filed herein. The Parties have executed a revised Qualified Assignment and an Addendum to the Settlement Agreement to confirm the distribution of the Settlement Proceeds to the Plaintiff and the Claimants and the Purchase of the Annuities for the Remaining Minor Children of Tory D. Sanders, Deceased.

5. That pursuant to the Court's Order dated February 25, 2022, the Revised Executed Qualified Assignment and the Executed Addendum to Settlement Agreement are attached hereto as Exhibit A and Exhibit B.

6. As originally drafted, the rescinded Qualified Assignment and the Addendum to Settlement Agreement contained the full name of each minor as required by the annuity company. Plaintiff and the City of Charleston Defendants have redacted the full names of each minor from the Revised Qualified Assignment and the Addendum to Settlement Agreement and have inserted the initials of each minor so the Revised Qualified Assignment and the Addendum to Settlement Agreement could be filed of record with the Court. The original Revised Qualified Assignment and Addendum to Settlement Agreement containing the full names of the minors have been maintained in the file of the Plaintiff's attorney and the City of Charleston Defendants' attorney's file and have been provided to the annuity company.

Respectfully submitted,

**WENDT LAW FIRM, P.C.**

By:/s/ Samuel M. Wendt
Samuel M. Wendt MO#53573
Nick Hillyard MO#57538
4717 Grand Ave., Ste. 130
Kansas City, MO 64112
Phone: (816) 531-4415
Fax: (816) 531-2507
E-mail: sam@wendtlaw.com
E-mail: nick@wendtlaw.com

And

**LAW OFFICE OF MICHAEL G. HOSKINS, P.C.**

By:/s/ Michael G. Hoskins
Michael G. Hoskins, *pro hac vice*
3200 West End Avenue, Suite 500
Nashville, TN 37203
Phone: (615) 783 - 1757
Fax: (615) 866 - 5816
Email: mgh@michaelghoskins.com
***ATTORNEYS FOR PLAINTIFF***
***QUINTA SANDERS***

and

**PAULE, CAMAZINE & BLUMENTHAL, P.C.**

By:/s/ D. Keith Henson
D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO  63105
Telephone: (314) 727-2266
Facsimile:  (314) 727-2101
E-mail: khenson@pcblawfirm.com
***ATTORNEY FOR CITY OF***
***CHARLESTON DEFENDANTS***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attorney whose name appears above signed the original of this pleading and that true and correct copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system and sent via First Class U.S. Mail this 7th day of March, 2022 to:

Albert M. Spradling, III
SPRADLING AND SPRADLING
P.O. Box 1119
1838 Broadway
Cape Girardeau, MO  63702-1119
albert@spradlaw3.com
*ATTORNEY FOR DEFENDANTS MISSISSIPPI COUNTY, MISSOURI, SALLY YANEZ,*
*RYAN HILL, JOE ROSS, JOSH MALDONADO AND FAITH ALTAMIRANO*

Peter J. Dunne #31482MO
Robert T. Plunkert #62064MO
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com
*ATTORNEYS FOR DEFENDANT CORY HUTCHESON*

Lisa S. Hoppenjans
WASHINGTON UNIVERSITY SCHOOL OF LAW
One Brookings Drive
Campus Box 1120
St. Louis, MO 63130
314-935-8980
Email: lhoppenjans@wustl.edu
*ATTORNEY FOR INTERVENOR POST DISPATCH, LLC*

D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO  63105
Telephone:  (314) 727-2266
Facsimile:  (314) 727-2101
khenson@pcblawfirm.com
*ATTORNEY FOR CITY OF CHARLESTON DEFENDANTS*

/s/ D. Keith Henson

# Qualified Assignment and Release Agreement
## In Accordance With Internal Revenue Code Section 130

"Claimant(s)": O.c.B     J.T.E.C.     J.A.MC

J.S.  T.D.R.S  Z.S.     T.M.D.S     T.D.S.

"Assignor":   **Savers Property & Casualty Insurance Company**

"Settlement Agreement":   May 26, 2021; Settlement Agreement & Release

"Assignee":   MetLife Assignment Company, Inc.

"Annuity Issuer":   Metropolitan Tower Life Insurance Company

"Effective Date":   March 5, 2021

This Qualified Assignment and Release Agreement is made and entered into as of the Effective Date by and among the undersigned parties with reference to the following facts:

A   Claimant(s) and Assignor are parties to or are otherwise subject to or entitled to receive payments under the above-referenced Settlement Agreement, under which Assignor has liability to make certain periodic payments to or for the benefit of Claimant(s) as specified or referred to in paragraph 12 of this Agreement (the "Periodic Payments"); and

B   Assignor and Assignee wish to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code").

Now, therefore, in consideration of the foregoing and for other good and valuable consideration, the parties agree as follows:

1.   **Assignment and Assumption; Release of Assignor.** Assignor hereby assigns to Assignee, and Assignee hereby accepts and assumes, all of Assignor's liability to make the Periodic Payments described in Paragraph 12. Each Claimant hereby accepts and consents to such assignment by Assignor and assumption by Assignee. Effective on the Effective Date, each Claimant hereby releases and discharges Assignor from all liability to make the Periodic Payments.

2.   **Nature of Periodic Payments.** The Periodic Payments constitute

   i.   damages (other than punitive damages), whether by suit or agreement, or

   ii.   compensation under a workers' compensation act,

   on account of personal injury or sickness in a case involving physical injury or physical sickness, within the meaning of Sections 130(c) and 104(a) of the Code.

3.   **Extent of Assignee's Liability.** Assignee's liability to make the Periodic Payments shall be no greater than the liability of Assignor immediately prior to the Effective Date. Assignee assumes no liability other than the liability to make the Periodic Payments described in Paragraph 12.

MetLife QAR Revised 04/2017

Assignee's liability to make the Periodic Payments shall be unaffected by any bankruptcy or insolvency of Assignor.

4.  **Qualified Funding Asset.** Assignee will fund the Periodic Payments by purchasing from Annuity Issuer a "qualified funding asset," as defined in Section 130(d) of the Code, in the form of an annuity contract (the "Annuity") issued by Annuity Issuer and providing for payments corresponding to the Periodic Payments. Assignee shall be designated as the owner of the Annuity. All rights of legal ownership and control of the Annuity shall (subject to paragraph 9 of this Agreement) be and remain vested exclusively in Assignee; provided, however, that the Annuity shall be used by Assignee to fund the Periodic Payments and shall at all times be designated by Assignee on its records as being taken into account, under Section 130 of the Code, with respect to this Agreement. Notwithstanding anything to the contrary contained in this Agreement, neither any Claimant nor any Successor Payee shall have any rights with respect to the Annuity or the payments thereunder that would cause any amount attributable to the Annuity to be currently includible in the recipient's income or would otherwise affect the determination of when any recipient is treated as having received any payment for income tax purposes, or would otherwise prevent this Agreement from satisfying all of the conditions for a "qualified assignment" within the meaning of Section 130(c) of the Code.

5.  **Delivery of Payments.** Assignee may have Annuity Issuer send payments directly to a Claimant, or, if applicable, to a Successor Payee (as defined in paragraph 8 of this Agreement), or deliver payments by electronic funds transfer to a depository institution in the United States for credit (directly or indirectly) to an insured account in the name of such Claimant or Successor Payee. Such direction of payments under the Annuity shall not be deemed to afford the Claimant or any Successor Payee any rights of ownership or control of the Annuity. Each Claimant and any Successor Payee shall at all times keep Annuity Issuer apprised of such Claimant's or Successor Payee's current street address and telephone number and, if such Claimant or Successor Payee receives payments by electronic funds transfer, the name, address, bank identifier number (BIN) and telephone number of the applicable depository institution and the account number of the account to which the payments are to be credited.

6.  **Discharge of Liability.** The Assignee's liability to make each Periodic Payment to the Claimant or Successor Payee designated to receive such payment shall be discharged automatically at such time as a corresponding payment is made to such Claimant or Successor Payee by the Annuity Issuer.

7.  **Acceleration, Transfer of Payment Rights.** None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

    i.  Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

    ii. Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

    No Claimant or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

8.  **Beneficiaries.** Any Periodic Payments to be made after the death of any Claimant or Successor Payee shall be made to such party as shall have been designated in, or in accordance with, the Settlement Agreement or, if the Settlement Agreement does not provide for such designation, then to the party designated in conformity with this paragraph 8. Any party so designated is referred to in this Agreement as a " Beneficiary." If no Beneficiary is living at the time of the death of a Claimant or

Successor Payee, payment shall be made to the decedent's estate.  As used in this agreement the term "Successor Payee" refers to a Beneficiary or an estate that has become entitled to receive Periodic Payments following the death of a Claimant or a Successor Payee. Except as otherwise provided in the Settlement Agreement, no designation or change of designation of a Beneficiary shall be effective unless such change (i) is requested in a written request submitted to Assignee (or its authorized agent) in accordance with Assignee's customary procedures for processing such requests; and (ii) is confirmed by Assignee (or its authorized agent).  Except for a designation that is expressly identified in the Settlement Agreement as irrevocable, any designation of a Beneficiary shall be deemed to be revocable; and no party that is designated as a Beneficiary (other than a party irrevocably designated as a Beneficiary in the Settlement Agreement) shall, solely by virtue of its designation as a Beneficiary, be deemed to have any cognizable interest in any Periodic Payments.

9.  **Failure to Satisfy Section 130(c).** If at any time prior to completion of the Periodic Payments, the Settlement Agreement is declared terminated in a final, non-appealable order of a court of competent jurisdiction (or in the case of a workers' compensation settlement, a final order of the applicable workers' compensation authority) or if it is determined in any such final order that the requirements of Section 130(c) of the Code have not been satisfied in connection with this Agreement: (i) the assignment by Assignor to Assignee of the liability to make the Periodic Payments, Assignee's acceptance of such assignment and the release by Claimant(s) of Assignor's liability shall be of no force or effect; (ii) Assignee shall be conclusively deemed to be acting as the agent of Assignor; (iii) the Annuity shall be owned by Assignor, which shall retain the liability to make the Periodic Payments; (iv) Assignee shall have no liability to make any Periodic Payments; and (v) the parties hereto agree to cooperate in taking such actions as may be necessary or appropriate to implement the foregoing.

10. **Governing Law; Disclosure of Certain Tax Information; Binding Effect.**

   (i)  This Agreement shall be governed by and interpreted in accordance with the internal laws of the State of DE provided, however, that any Transfer of Payment Rights under this Agreement may be subject to the laws of other states in addition to the state designated above.

   (ii) This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, including without limitation any party asserting an interest in Payment Rights.

11. **Advice, Comprehension of Agreement.** In entering into this Agreement, each Claimant represents and warrants that (i) such Claimant has relied solely upon the legal and tax advice of such Claimant's own attorneys and other advisors, who are the attorneys and advisors of such Claimant's choice, concerning the legal and income tax consequences of this Agreement; and (ii) the terms of this Agreement have been completely read by and explained to such Claimant and are fully understood and voluntarily accepted by such Claimant.

12. **Description of Periodic Payments.** The Periodic Payments are as set forth immediately below or (if not set forth below) as set forth in attached Addendum No. 1, which is hereby incorporated in and made a part of this Agreement.

**Description of Periodic Payments:**

Description of Periodic Payments or See Addendum No. 1

MetLife QAR Revised 04/2017

This Qualified Assignment and Release Agreement is signed in one or more counterparts as of the Effective Date by the following:

Assignor: <u>Savers Property & Casualty Insurance Company</u>     Assignee: <u>MetLife Assignment Company, Inc.</u>

By: _____     By: _____
      Authorized Representative              Authorized Representative

Title: Claims Manager     Title: Authorized Agent

Claimant(s): T.D.S AND D.C.B.     Approved as to Form and Content: _____

Signature: _____     Claimant's Attorney _____
Summer Lee Barrett as next friend of ▬▬▬▬▬
      T.D.S AND D.C.B., MINOR children

Claimant(s): T.M.D.S     Approved as to Form and Content: _____

Signature: _____     Claimant's Attorney _____
Quinta Sanders as next friend of ▬▬▬▬
▬▬, minor children.
      T.M.D.S.

          J.A.M.C. T.D.Q.S. AND J.T.E.C.
Claimant(s): ▬▬▬▬▬     Approved as to Form and Content: _____

Signature: _____     Claimant's Attorney _____
Jocelyn Cox, as next friend of ▬▬▬▬▬
▬▬▬▬▬ minor children.
      J.A.M.C, T.D.Q.S, J.T.E.C.
          J.S. AND Z.S.

Claimant(s): ▬▬▬▬     Approved as to Form and Content: _____

Signature: Breanna Smith     Claimant's Attorney _____
Breanna Smith, as next friend of J▬
▬▬ minor children.     J.S. AND Z.S.

## Addendum No. 1
## Description of Periodic Payments
### for D.C.B.

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Payee"):
$34,711.27   Guaranteed lump sum, payable on 03/04/2034.

*J.I.E.C*

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓Cox ("Payee"):
$33,413.96   Guaranteed lump sum, payable on 11/20/2032.

*J.A.M.C.*

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Payee"):
$30,108.89   Guaranteed lump sum, payable on 03/14/2029,

*D.C.B.*

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
("Payee"):
$30,840.58   Guaranteed lump sum, payable on 01/27/2030.

*T.M.D.S.*

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
("Payee"):
$31,788.79   Guaranteed lump sum, payable on 02/13/2031.

*T.D.S.*

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓▓▓ ("Payee"):
$29,826.24   Guaranteed lump sum, payable on 11/06/2028.

*J.S.*

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓ ("Payee"):
$33,985.57   Guaranteed lump sum, payable on 06/19/2033.

*Z.S.*

Periodic Payments, Payable to ▓▓▓▓▓▓▓▓ ("Payee"):
$35,280.63   Guaranteed lump sum, payable on 09/17/2034.

Initials

Assignor: _____

Assignee: _M B_

Claimant(s): _D.S_        Claimant(s): _____

Claimant(s): _O.S._       Claimant(s): _____

Claimant-
Attorney _____         Claimant-
                         Attorney: _____

MetLife QAR Revised 04/2017

## ADDENDUM TO SETTLEMENT AGREEMENT

The Claimants, the City of Charleston Defendants, and the Insurer (as defined in the Settlement Agreement) (collectively the "Parties") acknowledge and agree that the Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Tory D. Sanders, Deceased, Against Robert Hearnes, Curtis Arnold, Zachary Matney, Austin Henson, and the City of Charleston, Missouri Only (hereinafter "Settlement Agreement") shall be amended as follows:

(a) As a condition of the Settlement approved by the Court in the Orders dated April 16, 2021 and May 18, 2021 entered in the Action, the Court ordered that an annuity be purchased for minor ▮▮▮▮▮▮ *L.C.* as an heir and beneficiary of Tory D. Sanders, deceased, with the present cost of $26,645.09 which was purchased by Insurer from Metropolitan Tower Life Insurance Company;

(b) After the purchase of the annuity for minor ▮▮▮▮▮ *L.C.*, it was determined that ▮▮▮▮▮▮ *L.C.* a minor, is not an heir and beneficiary of Tory D. Sanders, deceased pursuant to the DNA Test Report dated June 25, 2021 attached hereto as Exhibit A;

(c) Therefore, based upon the DNA Test Report attached as Exhibit A, ▮▮▮▮▮ *L.C.*, a minor, is not entitled to a distribution of the Settlement Proceeds for the purchase of an annuity for ▮▮▮▮▮ *L.C.*, a minor, from the settlement confirmed in the Settlement Agreement between the Claimants, City of Charleston Defendants, and the Insurer and the Orders of the Court dated April 16, 2021 and May 18, 2021 entered in the Action;

(d) Consequently, the Parties acknowledge and agree that the annuity purchased for ▮▮▮▮▮ *L.C.*, a minor, as an heir and beneficiary of Tory D. Sanders, Deceased, pursuant to the terms of the Settlement Agreement and the Orders entered by the Court in the Action on April 16,

03932736.DOCX/1/2568-925                                         1

2021 and May 18, 2021 entered in the Action shall be rescinded and terminated because DNA testing performed after the execution of the Settlement Agreement and the entry of the Orders dated April 16, 2021 and May 18, 2021 by the Court in the Action determined that ▮▮▮▮▮▮ *L.E.*, a minor is not an heir and beneficiary of Tory D. Sanders, deceased;

(c) Upon termination of the annuity for ▮▮▮▮▮ *L.C.*, a minor, the present cost of the annuity purchased for ▮▮▮▮ *L.C.*, a minor in the amount of $26,645.09 will be returned to the Insurer by Metropolitan Tower Life Insurance Company and/or Met Life Assignment Company, Inc. and thereafter, will be apportioned, distributed, and paid by the Insurer for and on behalf of the City of Charleston Defendants to the Claimants as follows:

    a. $2,664.50 to Plaintiff Quinta Sanders, individually and as the natural mother of Tory D. Sanders, deceased and as an heir and beneficiary of Tory D. Sanders, deceased;

    b. $2,664.51 to Quinta Sanders, as next friend of ▮▮▮▮▮ *T.M.D.S.*, a minor, to be used for and on behalf of ▮▮▮▮▮▮ *T.M.D.S.*, a minor;

    c. $2,664.51 to Summer Lea Barrett, individually, and as the wife of Tory D. Sanders, deceased, and an heir and beneficiary of Tory D. Sanders, deceased;

    d. $2,664.51 to Summer Lea Barrett, as next friend of ▮▮▮▮▮▮ *T.D.S.*, a minor, to be used for and on behalf of ▮▮▮▮▮ *T.D.S.*, a minor;

    e. $2,664.51 to Summer Lea Barrett, as next friend of ▮▮▮▮▮ *D.C.B.*, a minor, to be used for and on behalf of ▮▮▮▮ *D.C.B.*, a minor;

    f. $2,664.51 to Jocelyn Cox, as next friend of ▮▮▮▮▮▮ *J.A.M.C.*, a minor, to be used for and on behalf of ▮▮▮▮▮▮ *J.A.M.C.*, a minor;

g. $2,664.51 to Jocelyn Cox, as next friend of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *T.D.Q.S.*, a minor, to be used for and on behalf of ▓▓▓▓▓▓▓▓▓▓▓▓▓ *T.D.Q.S.*, a minor;

h. $2,664.51 to Jocelyn Cox, as next friend of ▓▓▓▓▓▓▓▓▓▓▓▓ *J.T.E.C.*, a minor, to be used for and on behalf of ▓▓▓▓▓▓▓▓▓▓▓▓ *J.T.E.C.*, a minor;

i. $2,664.51 to Dreama Smith, as next friend of ▓▓▓▓▓▓▓▓ *J.S.*, a minor, to be used for and on behalf of ▓▓▓▓▓ *J.S.*, a minor; and

j. $2,664.51 to Dreama Smith, as next friend of ▓▓▓▓▓▓ *Z.S.*, a minor, to be used for and on behalf of ▓▓▓▓▓ *Z.S.*, a minor.

(f) With the exception of the terms of the Settlement Agreement specifically amended by this Addendum to Settlement Agreement, the Claimants, City of Charleston Defendants, and the Insurer acknowledge and agree that all of the remaining terms and provisions of the Settlement Agreement executed by the Claimants and the Insurer are incorporated herein by reference and will continue in full force and effect on and after the date of the execution of this Addendum to Settlement Agreement by the Claimants and the Insurer on behalf of itself and on behalf of the City of Charleston Defendants;

(g) The Claimants and Insurer acknowledge and agree that this Addendum to Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and that the Addendum to Settlement Agreement may be executed by facsimile and for electronic signatures, which shall have the same force and effect as an original signature of a Claimant and the Insurer.

(h) The Claimants and Insurer agree that this Addendum to Settlement Agreement is being executed pursuant to the Order Vacating the Order Approving the Purchase of an Annuity

3

for Minor L.C., Dated May 18, 2021, Rescinding and Terminating the Annuity Purchased for Minor L.C. as Required by the Order Approving the Purchase of Annuities Dated May 18, 2021 and Redistributing the Settlement Proceeds From the Rescission and Termination of the Annuity Purchased for Minor L.C. to the Heirs and Beneficiaries of Tory D. Sanders, Deceased entered by the Court in the Action, which is incorporated herein by reference.

4

**IN WITNESS WHEREOF**, the Parties hereto have duly executed this Addendum to Settlement Agreement in multiple originals.

*J.A.M.C., T.D.Q.S., J.T.E.C., AND L.C.*

Claimants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, minor children, by and through Jocelyn Cox, as Next Friend of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*J.A.M.C., T.D.Q.S., J.T.E.C., AND L.C.*

▮▮▮▮▮▮▮▮x, minor children

DATE 1/10/22

By: _Jocelyn Cox_

Jocelyn Cox, as Next Friend of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*J.A.M.C., T.D.Q.S., J.T.E.C., And L.C., minor children.*

STATE OF Tennessee )
                                        ) ss.
COUNTY OF Davidson )

On this 10th day of January, 2022, before me personally appeared Jocelyn Cox, as the Next Friend of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮x, minor children, to me known to be the individual who executed this Addendum to Settlement Agreement, for and on behalf of ▮▮▮▮▮▮▮▮▮▮▮▮

*J.A.M.C., T.D.Q.S., J.T.E.C., AND L.C.*

*J.A.M.C., T.D.Q.S., J.T.E.C., AND L.C.*

minor children, and acknowledged that she fully understood the contents of this Addendum to Settlement Agreement, freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal on the day and year first above written.

*(Notary seal: JENNIFER B HOSKINS, STATE OF TENNESSEE, NOTARY PUBLIC, DAVIDSON COUNTY)*

_B H__
Notary Public

My Commission expires:

My Commission Expires
July 7, 2025

*T. D. S. and D.C.B.*

Claimants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓, minor children, by and through Summer Lea        *T. DS. and*
Barrett, as Next Friend of ▓▓▓▓▓▓▓▓▓▓▓▓▓             *D.C.B.*
▓▓▓▓▓▓▓▓▓, minor children

DATE 12/15/21          By ▓▓▓▓▓▓▓▓▓▓▓▓▓

                          Summer Lea Barrett, as Next Friend of ▓▓▓▓▓▓   *T. DS. and*
                          ▓▓▓▓▓▓▓▓, minor children               *D.C.B.*

STATE OF Tennessee  )
                    ) ss.
COUNTY OF Davidson  )

                                                    *T.D.S. and D.C.B.*

    On this 15th day of December, 2021, before me personally appeared **Summer
Lea Barrett, as the Next Friend of** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓t, minor children,
to me known to be the individual who executed this Addendum to Settlement Agreement, for and
on behalf of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓t, minor children, and acknowledged
that she fully understood the contents of this Addendum to Settlement Agreement, freely executed
the same for the sole consideration therein expressed, and upon the advice of her attorneys.

*T. D. S. and D. C. B.*

    **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal
on the day and year first above written.

                    _____
                    Notary Public

My Commission expires:        My Commission Expires
                              July 7, 2025

*T.M.D.S.*

Claimant T~~█████████████~~
minor, by and through Quinta Sanders, as Next
Friend of ~~████████████████~~

*T.M.D.S*

DATE **12/15/2021**
 *0.3.*

By: *Quinta Sanders* (signature)

Quinta Sanders, as Next Friend of ~~█████~~
~~██████████████~~ a minor

*T.M.D.S.*

STATE OF Tennessee
COUNTY OF Davidson

)
) ss.

*T.M.D.S.*

*T.M.D.S.*  On this 15th day of December, 2021, before me personally appeared **Quinta Sanders**, as the Next Friend of ~~████████████████~~, a minor, to me known to be the individual who executed this Addendum to Settlement Agreement, for and on behalf of ~~███████████████~~, a minor, and acknowledged that she fully understood the contents of this Addendum to Settlement Agreement, freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal on the day and year first above written.

_____
Notary Public

(Notary seal: JENNIFER B HOSKINS, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY)

My Commission expires:        My Commission Expires
                              July 7, 2025

Claimant Quinta Sanders, individually as the
natural mother of Tory D. Sanders,
deceased, and as an heir and beneficiary of
Tory D. Sanders, deceased

Dated: 12 / 15 / 2021                          By: _____

                                        Quinta Sanders, individually, as the
                                        natural mother of Tory D. Sanders,
                                        deceased, and as an heir and beneficiary
                                        of Tory D. Sanders, deceased

STATE OF Tennessee    )
                         ) ss.
COUNTY OF Davidson   )

     On this 15th day of December, 2021, before me personally appeared **Quinta
Sanders**, individually, as the natural mother of Tory D. Sanders, deceased, and as an heir and
beneficiary of Tory D. Sanders, deceased, to me known to be the individual who executed this
Addendum to Settlement Agreement, and acknowledged that she fully understood the contents of
this Addendum to Settlement Agreement, and freely executed the same for the sole consideration
therein expressed, and upon the advice of her attorneys.

     **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal
on the day and year first above written.

                                                    _____
                                                  Notary Public

My Commission expires:

               My Commission Expires
               July 7, 2025

JENNIFER B HOSKINS
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

Claimant Summer Lea Barrett, individually
as the wife of Tory D. Sanders, deceased,
and as an heir and beneficiary of Tory D.
Sanders, deceased

Dated: 12/15/21

By: _____
Summer Lea Barrett, individually, as the
wife of Tory D. Sanders, deceased, and
as an heir and beneficiary of Tory D.
Sanders, deceased

STATE OF Tennessee            )
                              ) ss.
COUNTY OF Davidson            )

On this 15th day of December, 2021, before me personally appeared **Summer Lea Barrett**, individually, as the wife of Tory D. Sanders, deceased, and as an heir and beneficiary of Tory D. Sanders, deceased, to me known to be the individual who executed this Addendum to Settlement Agreement, and acknowledged that she fully understood the contents of this Addendum to Settlement Agreement, and freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal on the day and year first above written.

_____
Notary Public

My Commission expires:

My Commission Expires
July 7, 2025

JENNIFER B HOSKING
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

9

Claimants ███████████ *J.S. And Z.S.*, minor children, by and through Dreama Smith, as Next Friend of ███████████, minor children *J.S. And Z.S.*

DATE 12/15/21   By: _Dreamma Smith_

Dreama Smith, as Next Friend of ███████ ███████, minor children *J.S. And Z.S.*

STATE OF Tennessee )
                   ) ss.
COUNTY OF Davidson )

*J.S. And Z.S.*

On this 15th day of December, 2021, before me personally appeared Dreama Smith, as the Next Friend of █████████████, minor children, to me known to be *J.S. And Z.S.* the individual who executed this Addendum to Settlement Agreement, for and on behalf of ██████ ███████████, minor children, and acknowledged that she fully understood the contents of this Addendum to Settlement Agreement, freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

   **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal on the day and year first above written.

_G. B. H_
Notary Public

JENNIFER B HOSKINS
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

My Commission expires:   My Commission Expires
                         July 7, 2025

[ID9327SB.DOCX/1/2565-925]   10

Insurer:    Savers Property & Casualty Insurance Company (For itself and the City of Charleston Defendants)

Dated: 2/7/2022                         By: _____

                                             Keith Hutchins

                                        Title: Complex Claims Manager

STATE OF Texas        )
                      ) ss.
COUNTY OF Bell        )

        On this 7 day of Feb 2022, before me personally appeared **Keith Hutchins**, Complex Claims Manager for Savers Property & Casualty Insurance Company, to me known to be the individual who executed this Addendum to Settlement Agreement for and on behalf of Savers Property & Casualty Insurance Company and the City of Charleston Defendants, and acknowledged that he fully understood the contents of this Addendum to Settlement Agreement, freely executed the same for the sole consideration therein expressed, and upon the advice of the attorney for City of Charleston Defendants.

        **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal on the day and year first above written.

```
MARIA A. GARCIA
Notary Public, State of Texas
Comm. Expires 01-09-2023
Notary ID 129065911
```
                                        _____
                                        Notary Public

My Commission expires: 01.09.23

RJ96275KJ(JJ(X/L2565-925                11

APPROVED AS TO FORM AND CONTENT:

WENDT LAW FIRM, P.C.

By:

Samuel M. Wendt, #53573MO
1100 Main Street, Suite 2610
Kansas City, MO  64105
Telephone:  (816) 531-4415
Facsimile:  (816) 531-2507
sam@awendtlaw.com
Attorney for Claimants


LAW OFFICE OF MICHAEL G. HOSKINS, P.C.

By:

Michael G. Hoskins
3200 West End Ave., Suite 500
Nashville, TN 37203
Telephone: 615 783-1757
Facsimile: 615 866-5816
mgh@michaelghoskins.com
Attorney for Claimants


PAULE, CAMAZINE & BLUMENTHAL, P.C.
A Professional Corporation

By:

D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO  63105
Telephone:  (314) 727-2266
Facsimile:  (314) 727-2101
khenson@pcblawfirm.com
Attorney for City of Charleston Defendants


0985375.DOCX/12563-025

12

APPROVED AS TO FORM AND CONTENT:

WENDT LAW FIRM, P.C.

By:_____

    Samuel M. Wendt, #53573MO
    1100 Main Street, Suite 2610
    Kansas City, MO 64105
    Telephone: (816) 531-4415
    Facsimile: (816) 531-2507
    sam@wendtlaw.com
    Attorney for Claimants

LAW OFFICE OF MICHAEL G. HOSKINS, P.C.

By:_____

    Michael G. Hoskins
    3200 West End Ave., Suite 500
    Nashville, TN 37203
    Telephone: 615 783-1757
    Facsimile: 615 866-5816
    mgh@michaelghoskins.com
    Attorney for Claimants

PAULE, CAMAZINE & BLUMENTHAL, P.C.
A Professional Corporation

By:_____

    D. Keith Henson, #31988MO
    165 North Meramec Ave., Suite 110
    Clayton (St. Louis), MO 63105
    Telephone: (314) 727-2266
    Facsimile: (314) 727-2101
    khenson@pcblawfirm.com
    Attorney for City of Charleston Defendants



# DNA Test Report

Ref No. NO7934

DDC is accredited/certified by AABB, CAP, ISO/IEC 17025 by ANAB, CLIA & NYSDOH.

| Case 3630332 Name | MOTHER JOCELYN C COX LAVENDER | CHILD L.C. | Alleged GRANDPARENT QUINTA D SANDERS |
|---|---|---|---|
| Race | Black | | Black |
| Sample Type | Buccal | Buccal | Buccal |
| Date Collected | 6/4/2021 | 5/11/2021 | 5/11/2021 |
| Test No. | 3630332-11 | 3630332-24 | 3630332-80 |

| Locus | RI | Allele Sizes | | Allele Sizes | | Allele Sizes | |
|---|---|---|---|---|---|---|---|
| D3S1358 | 0.50 | 17 | 18 | 17 | | 15 | 18 |
| vWA | 0.50 | 14 | 15 | 14 | 15 | 16 | 17 |
| D16S539 | 1.12 | 9 | 12 | 9 | 12 | 9 | 11 |
| CSF1PO | 0.50 | 10 | 12 | 12 | 13 | 7 | 12 |
| TPOX | 2.04 | 11 | | 8 | 11 | 8 | |
| D8S1179 | 0.50 | 13 | 16 | 16 | | 14 | 15 |
| D21S11 | 0.50 | 28 | 32.2 | 28 | 29 | 30.2 | 31 |
| D18S51 | 0.50 | 14 | 16 | 16 | | 12 | 14 |
| D2S441 | 0.50 | 11 | | 11 | | 10 | 15 |
| D19S433 | 1.40 | 15 | 15.2 | 13 | 15.2 | 12 | 13 |
| TH01 | 0.60 | 7 | | 6 | 7 | 9 | |
| FGA | 1.90 | 18.2 | 22.2 | 18.2 | 22 | 22 | 24 |
| D22S1045 | 1.63 | 14 | 15 | 15 | 17 | 15 | 17 |
| D5S818 | 0.50 | 11 | 12 | 12 | | 11 | |
| D13S317 | 0.50 | 12 | | 11 | 12 | 12 | 13 |
| D7S820 | 1.25 | 8 | | 8 | 10 | 10 | 11 |
| SE33 | 0.50 | 18 | 27.2 | 18 | 19 | 21 | 22 |
| D10S1248 | 0.50 | 15 | | 16 | | 14 | 16 |
| D1S1656 | 0.50 | 14 | 17.3 | 14 | 18.3 | 14 | 15 |
| D2S1338 | 0.50 | 19 | 20 | 19 | 25 | 20 | 22 |
| D6S474 | 0.50 | 18 | | 17 | 18 | 15 | |
| D8S1122 | 0.50 | 12 | 14 | 11 | 14 | 12 | 13 |
| D9S2157 | 2.03 | 11 | 15 | 11 | 15 | 11 | 15 |
| D3S4529 | 1.48 | 13 | 15 | 15 | 16 | 14 | 16 |
| D14S1434 | 0.50 | 11 | 14 | 11 | 13 | 10 | 14 |
| LPL | 1.18 | 9 | | 9 | 10 | 7 | 10 |
| F13B | 0.50 | 6 | 10 | 8 | 8 | 6 | |
| F13A01 | 1.26 | 3.2 | 6 | 5 | | 5 | 6 |
| Penta D | 0.50 | 2.2 | 10 | 2.2 | 5 | 10 | 12 |
| Penta C | 0.50 | 7 | 11 | 11 | 12 | 7 | 14 |
| Penta E | 0.50 | 7 | | 7 | 16 | 7 | 9 |
| Amelogenin | | X | | X | | X | |

RN 10253900

**Interpretation:**

Combined Relatedness Index  **0.00002679**

The DNA from the alleged relative was compared to the tested child. Based on testing results obtained from the analyses of the DNA loci listed, the probability of relatedness is 0.003%. The likelihood that the alleged relative is not the biological relative of the tested child is 37,321 to 1. This probability of relatedness was calculated by comparing to untested, unrelated, random individuals of the Black population (assumes prior probability equals 0.50).

Subscribed and sworn before me on June 25, 2021

Jaime Byers
Notary Public, State of Ohio
My Commission Expires June 7, 2026

I, the undersigned Laboratory Director, verify that the interpretation of the results is correct as reported on 6/25/2021.

Debra L. Davis, Ph.D.

End of Report

Exhibit A

1 DDC Way • Fairfield, OH 45014 • 1.513.881.7800 • DNAcenter.com